*Southern District*

**AGNES McCLOSKEY**

v.

**R. H. STEARNS COMPANY**

*Present:* Nash, P. J., Welch and Sgarzi, JJ.

Case tried to *Murphy, J.*, in the Municipal Court of West Roxbury. No. 18486.

*Welch, J.* This is an action of tort for personal injuries sustained by the plaintiff while she was a business invitee at the defendant's store, alleged to be due to the negligence of the defendant, its servants or agents. The answer was a general denial and a plea of contributory negligence.

The plaintiff's testimony was taken by deposition.

*At the trial there was evidence tending to show that* the plaintiff's injuries were sustained by contact with one of a set of *glass doors* leading out of the defendant's store, after the plaintiff had been in the store to make purchases. The plaintiff, who was a retired school teacher, and her niece, entered the store through one set of swinging doors, passed through a vestibule 30 to 35 feet wide, and then passed through a similar set of doors 6 or 7 feet away from the first set. There were about 4 or 5 sets of such glass doors adjacent to each other in both the front and rear bank of glass doors and each set was 7 or 8 feet wide.

Inside the vestibule, when the plaintiff entered, there were twelve children of school age, about 8 to 12 years old, playing, jumping and yelling. There were also adults, going about their own business. The doors and vestibule were in full view of sales counters which were within ten feet inside the store, being attended by three male employees fac-

ing said doors and vestibule. When she was inside the store she heard only the ordinary things one hears in a store. After she passed the children she did not pay any attention to them. She was thinking of what she was going to buy. At first she went to the dress department located at the opposite wall from where she entered. She then went to the hat counter which is at the extreme end of the store, and then to the childrens' department which adjoins the particular doors in question. The doors can be easily seen from the underwear department, from the stockings, men's shirts and neckties as one comes out of the enclosure of the childrens' department. When she was in the dress department she heard nothing. She and her niece were in the store for about three quarters of an hour and then started to leave.

The same employees were still at the counters nearest the doors. Everything was as it was when she entered the store. People were buying things and the clerks were behind the counter and there were children running and jumping and playing "like in the schoolroom." In answer to a question whether she recognized the children playing in the vestibule the plaintiff testified that "it looked like the same group. I am used to sizing up children."

The plaintiff put her hand on the door's flat handle when the door was suddenly flung in her face. She had gone towards that door because there were no children in front of that door. There was one at the third door

and she did not know where the rest were because they were running. Her nose and cheeks were hit by the door and her hat was knocked down over her eyes. When the door struck her she cried out and tried to push her hat away so that she could see and put her hand out and walked towards the other door and left the store. She approached this particular door because there were no children there.

The plaintiff's niece testified that as they left the store children were still playing in the vestibule and there were three or four more children than when they entered the store.

The plaintiffs duly filed the following requests for rulings:

1. There is no evidence to warrant a finding for the defendant.
2. There is evidence to warrant a finding for the plaintiff.

Both requests were denied.

The plaintiff claims to be aggrieved by the failure to grant the requests and also requested of the trial judge "that the pertinent parts of her deposition herein referred to within this report be incorporated by reference since they are material to this report with permission of the Appellate Division." No part of her deposition appears in the report except by reference to various pages of it.

The judge found for the defendant.

The plaintiff's request that parts of the de-

position be incorporated by reference is denied.

Rule 28 of the Rules of the District Courts provides that "the draft report shall generally as fully as may be follow the model elsewhere printed in these rules."

The model contains the following:

"Insert a clear and concise statement of so much of the evidence as may be necessary to present the questions of law reported, and if documentary evidence is used at the trial insert only so much thereof as is material."

"Except where it is necessary to a question as to the admission or exclusion of evidence, stenographic report of evidence giving question and answer should not be inserted in report, but its substance should be concisely stated in narrative form."

In Rule 28 there is a statement that "papers on file in the case may not be incorporated by reference except by permission of the Appellate Division." We think that this does not refer to evidence in view of the statement in the model report that a stenographic report of evidence in question and answer form shall not be inserted in the report.

There was no error in the denial of the requests for rulings.

The plaintiff was a business invitee of the defendant at the time of the accident. The defendant was obliged to exercise reasonable care to keep in a safe condition that part of its premises to which customers were invited. *Greenfield v. Freedman,* 328 Mass. 272-274.

The plaintiff testified that when she entered the store children were playing around the entrance. There is no evidence as to whether this play continued during all of the time the plaintiff was inside the store. She testified children were "still" playing in the vestibule when she was leaving the store. The word "still" has no probative value of itself. *Grace v. Boston El. Ry.*, 322 Mass. 224-226-227. *Dolan v. B & M RR*, 328 Mass. 532-534.

In the case of *Hoehm v. S.S. Kresge Co.*, 336 Mass. 320, the defendant was held not negligent as matter of law when a customer was injured by children playing in an aisle for 12 to 15 minutes. In that case, it was stated that "To impose liability upon the defendant in these circumstances would be to establish an unreasonable standard of perfection, rather than to enforce the regular standard of due care, *Greenfield v. Freedman*, 328 Mass. 272-275 and cases cited."

Moreover there was no evidence that the children were the cause of the accident. The testimony was that in leaving the store she put her hand on the door handle and the door was suddenly flung in her face. She had come through that door because there were no children there. There was a child at the third door (not the door in question) and she did not know where the others were because they were running. It is a matter of conjecture as to who pushed the door. It might have been an adult customer entering the store.

If the accident were due to the sporodic

act of another customer, it could not have been reasonably anticipated by the defendant and the defendant would not be liable for the plaintiff's injury. *Lord v. Sherer Dry Goods Co.,* 205 Mass. 1-3. *Rich v. Boston El. Ry.,* 316 Mass. 615-618.

There being no error it is ordered that the report be dismissed.

J. Sheffield Dow, for the Plaintiff.
Philander S. Ratzkoff of Boston, for the Defendant.