## Northern District

### No. 5652

**JOSEPH S. HUNTER**

**v.**

**SAMUEL KLAUBER**

(September 14, 1962)

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. No. 2813.

*Connolly, J.* As the appellant points out in his brief, the report in this case does not conform with the model set out in Rule 45

of the District Courts. Although strict compliance with the model is not required, it is suggested that substantial compliance with it would insure against a report being returned to the trial judge for correction because it lacked any of the required material.

The report does not state what kind of an action is involved but we feel that it is permissible for this Court to infer from the entire instrument that the case involves an action of contract in two counts—the first count being for rent and the second for breach of an agreement by the tenant, who is the defendant, to restore the rented premises on the termination of his occupancy to the condition they were in at the time he took possession.

There was a finding for the plaintiff in the sum of $195.00 under Count #1 and $800.00 under Count #2.

The case comes before the Appellate Division on the denial of the trial judge to grant defendant's motion for a new trial. The motion assigned as reasons therefor, the following:

"1. That the finding for the plaintiff is against the evidence.

2. That the finding for the plaintiff is against the weight of the evidence.

3. That the finding for the plaintiff is against the law."

The evidence to support the findings of the trial judge may be summarized as follows:

The plaintiff rented an apartment to the defendant in 1955 for a monthly rent of $97.50 payable on the first day of each month. Although the plaintiff drew up a lease, in duplicate, for the premises and gave one of the originals to the defendant, the defendant did not sign and return it to the plaintiff.

During the first part of May 1959, the plaintiff and defendant had discussions in reference to the rent and the termination of the tenancy. As a result, a written instrument was drawn up by the defendant and signed by the plaintiff. The testimony of the plaintiff was that this instrument when he signed it read as follows:

"May 15, 1959, TO WHOM IT MAY CONCERN: Dr. Klauber is released from the term of his lease and may vacate his premises at will."

The defendant testified that the instrument contained additional language and offered in evidence the instrument containing the additional language signed by him as well as the plaintiff.

The defendant did not pay rent for the months of May and June 1959 and vacated the premises June 15, 1959.

During his occupancy, the defendant installed in the premises certain equipment and electrical lines which involved drilling holes in the kitchen and closet floors and the installation of a box on a wall. The removal of the box by the plaintiff after defendant had vacated the premises damaged the plaster on

the wall. The plaintiff consented to the defendant drilling the holes and placing the box on a wall but informed the defendant that he would be required to restore the premises, when he vacated, to the condition they were in when he first occupied them.

There was evidence by the plaintiff and one other that the cost of repairs to the premises was $800 and that these repairs had been made. Included in the sum of $800 was the sum of $100 for repairing a hallway. A written estimate of repairs to the premises in the amount of $805.00 (including repairs to hallway) was also introduced in evidence by the plaintiff.

No problem is presented as to Count #1. From the evidence reported, the trial judge was justified in finding that the rental period ran from the first day of each month; that the defendant did not pay rent for the months of May and June, 1959 and, although the defendant vacated the premises on June 15, 1959, he owed the plaintiff rent for the entire month.

The burden of proving a waiver of notice to terminate a tenancy and of proving surrender and acceptance is on the tenant. *Leavitt v. Maykell,* 210 Mass. 55; *Taylor v. Tuson,* 172 Mass. 145.

In finding for the plaintiff under Count #2, the trial judge again had ample evidence on which to base his finding of liability.

While the usual remedy of a landlord for waste on the part of a tenant is an

action of tort, this does not exclude an action of contract on an express covenant or an action of contract on an implied covenant to use the premises in a tenant-like manner. *Chalmers v. Smith,* 152 Mass. 561.

The question of damages, however, does present a problem. Nowhere in the report is there any reference to the hallway, let alone any statement of damage to it. Since the finding in the amount of $800.00 includes $100.00 for repairs to the hallway, we are of the opinion that the finding was excessive by this amount.

As a consequence, it is ordered that the finding under Count #2 be reduced to $700.00 and after this reduction is made, there being no other prejudicial error, the report is to be dismissed.

Harry N. Cushing of Boston, for the Plaintiff.
J. Fleet Cowden of Sudbury, for the Defendant.