*Northern District*

No. 5770

**EDWARD M. GILLETTE**

**v.**

**NORMAN G. GEAR & FELIX D. PAIGE d/b/a EGLESTON INSURANCE AGENCY**

and

**SERVICE CASUALTY COMPANY**

July 24, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Lynch, J.* in the Municipal Court of the Dorchester District. No. 1696 of 1961.

*Connolly, J.* The plaintiff in this action alleges a breach of contract by an insurance company and an insurance agency with the plaintiff as a result of which a car, stolen from him, was not covered by theft insurance.

According to his testimony, he ordered a fire and theft policy from the agency to take effect as of December 18, 1960. The policy sold him took effect December 19, 1960. His car was stolen December 18, 1960.

The only evidence was the testimony of the plaintiff and certain exhibits of his such as the policy he received and a receipt for the premium. The only evidence offered by the defendant agency was the application for insurance which indicated it was for the year 1961. No evidence was offered by the insurance company.

There were no requests for rulings filed or exceptions taken to the admission or exclusion of any of the evidence.

The trial judge made a finding for the defendants.

A report to the Appellate Division brings up for consideration only rulings and questions of law made by the trial judge. *Elliot v. Warwick Stores, Inc.,* 329 Mass. 406; *Carando v. Springfield Cold Storage Co., Inc.,* 307 Mass. 99.

■ No question of law is presented to this Division by the report in this case.

■ The plaintiff argues that on his uncontradicted evidence, a finding for him was required. The short answer to this is that even if the plaintiff's version of the facts in the case was uncontradicted, there was no obligation on the trial judge to believe it. *Topjiam v. Boston Casing Co., Inc.,* 288 Mass. 167.

*The report is dismissed.*

Sumner Bowman, of Canton, for the Plaintiff.

Joseph H. Lombardi, William F. Buchtman, of Randolph, for the Defendants.