*Northern District*
No. 6363
**ANTHONY P. COCO, and another**
v.
**FRANCES LENFEST**
Argued: Jan. 11, 1967    Decided: April 17, 1967

*Present:* Brooks, P.J., Parker, Yesley, J.J.

Case tried to *Thompson, J.* in the District Court of Lawrence No. 410 of 1966

*Yesley, J. This is an action to recover rent under a written lease* brought by writ dated *March 4, 1966* and returnable to the District Court of Lawrence on March 28, 1966. The defendant filed a plea[1] in abatement alleging as grounds that there were pending in the said court two actions "arising out of the same transaction", and further, that the action was "prematurely brought". Both of the alleged pending actions, numbered 285 and 286 of 1966 respectively, were entitled *"Coco v. Lenfest"*. Case no. 285 was an action of summary process commenced by writ dated February 9, 1966 and entered in court on February 28, 1966. It was heard on March 10, 1966, on which date the plaintiffs waived their claim for rent and were found entitled to possession. Case no. 286 was brought by trustee writ, dated January 31, 1966 and returnable on February 28, 1966. It was discontinued on March 5, 1966.

After hearing on June 14, 1966, the plea in abatement in the instant case was sustained by the court. The report brings this action before us for review.

There is no description in the report of the rent sought to be recovered in the instant action other than a statement that it became due under a lease and that it amounted to $945.00.

---

[1] Matters in abatement under present practice are set up by answer in abatement. G.L. c. 231, § 20.

There is no description of the rent originally sought to be recovered in case no. 285, the summary process action. There is no clue in the report as to the nature of the claim in case no. 286, other than the allegation contained in the plea in abatement that it arose "out of the same transaction" as the instant case.

On this bare record, we are asked to decide if the trial justice erred in sustaining the plea. ■ Of the grounds stated in the plea, that one which asserts that this action was prematurely brought is not sufficient to support the plea. Presumably, by prematurity, the defendant meant that the rent was not due at the time the action was brought. As that would appear to be a matter going to the cause of action, it is therefore one to be asserted in bar rather than in abatement of the action. See *White* v. *E. T. Slattery Company*, 236 Mass. 28, 30.

■ The other ground asserted in support of the plea was that there were pending two actions "arising out of the same transaction". There is no such basis on which to abate an action. We assume that the trial justice treated this as though it were an assertion of the pendency of two actions between the same parties for the same cause. That could afford a basis for sustaining the plea, *Beauregard* v. *Capitol Amusement Co.*, 301 Mass. 142, 143.

■ But that assertion could not have been proved on the record reported to us. There is no description in the report of the writs and

declarations in the earlier actions. Without these papers before him, the trial justice could not have determined whether the parties and the causes stated in the earlier actions were the same as in the case at bar. The report states that it "contains all the facts material to the question reported". We cannot therefore speculate or assume that those papers were before the trial justice at the hearing on the plea despite the omission thereof from the report,—in which event we could recommit the report for amplification. (Rule 28 of the Rules of the District Courts (1952), republished January 1, 1965.) On this record, we must decide that it was error to sustain the plea in abatement.

This points up the necessity of vigilance on the part of the appellee's counsel to insure that the report contains all of the includible material which tends to support the findings in his favor, particularly where the appellee is the party who bore the burden of proof on the issues at the trial or hearing. Although the appeal is cast in the form of a report by the trial justice, it nevertheless remains a part of the adversary process by which cases are decided. The trial justice should not be placed in the position of having to become a protagonist for the prevailing party once there is an appeal from his finding. He should be entitled to rely on appellee's counsel to see to it that the report "contains all the evidence material to the question(s) reported". (See Draft Report Model attached to Rule 28).

█ Realistically, however, if the judge himself does not undertake to oversee the efforts of counsel in settling his report, there may be instances where due to the oversight of counsel for the appellee his rulings on review may not have the support in the record to which they were entitled on the state of the evidence before him when the rulings were made.

In this case the ends of justice will best be served by remanding it for a new hearing on the ''plea in abatement''. **So ordered.**

STEINBERG, SHAKER & LEWIS

    for the plaintiffs

GARBER & GARBER

    of Boston for the defendant