*Northern District*

## PATRICIA M. KOCH

v.

## CAMBRIA-SCOTIA CO.

Argued: Oct. 21, 1971 - Decided: March 21, 1972

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District, No. 36365.

*Present:* Parker, P.J., Durkin, Mason, J.J.

**Mason, J.** This is an action of tort or contract to recover for the value of a motor vehicle alleged to have been stolen from a parking facility located in Boston, Massachusetts.

The declaration alleges that the defendant's negligence resulted in the theft of the plaintiff's vehicle and that the defendant failed to return the vehicle entrusted to its care. The answer of the defendant is a general denial; and an allegation of contributory negligence; also that the injury was caused by a person for whose conduct the defendant was not responsible; that the plaintiff assumed the risk; that there was no consideration; that if an agreement is found, then the defendant has complied with all it was required to do, and the plaintiff is owed nothing; that the plaintiff committed a material breach of the alleged agreement.

We summarize the evidence.

The plaintiff parked her vehicle daily from June to October 9, 1968 in the defendant's parking facility. The vehicular entrance and exit was by means of parallel one lane ramps. At the entrance a machine issued tickets on which certain exculpatory language was imprinted to the effect that "You park and lock your own car, the Management cannot assume

responsibility for theft of your car.'' At the entrance was a large sign ''Park and Lock your Car. Do Not Leave Ticket in Car.'' The plaintiff left the ticket in the glove compartment of her car.

An attendant of the defendant testified that he worked that day. One of his duties was recording the name, address, driver license number and registration of any vehicle leaving without a ticket and no vehicle left without a ticket.

The plaintiff returned about 5:00 p.m. and could not find her vehicle. The attendant, when informed by the plaintiff that her vehicle was not there, immediately notified the police. The car has not been found.

The court found for the plaintiff.

The defendant filed twenty-one requests for rulings which were not acted upon by the trial judge.

The defendant, claiming to be aggrieved (1) by its requests for rulings not having been acted on and thereby considered to be denied; and (2) that the finding of the court is not supported by the evidence either as to negligence or contract, express or implied, or any breach of a contract if implied.

The rule* requires a judge sitting with-

---

* Rule 27, District Courts (1965) provides in part:

Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the

out a jury, who refused to grant a request for a ruling, to state, if it does not otherwise appear, either that the law stated in the request is unsound or inapplicable, or that the facts therein stated have not been found by him. *Bresnick* v. *Heath,* 292 Mass. 293.

■ Non action by the trial judge to act upon or grant requests for rulings is an implied denial. *Bankoff* v. *Coleman Bros., Inc.,* 302 Mass. 122. Failure to act is prejudicial if the rulings requested were the governing principles of law.

Certain rulings requested were the governing principles of law requiring a determination by the trial judge of whether the defendant was a licensee or a bailee together with the resulting effect of exculpatory language, contributory negligence and the standard of care. Other requests were made to the weight or sufficiency of the evidence.

The record does not enable us to construe the reasons for the denial of the requests. If they were denied because inapplicable as a matter of fact or law or might have been rendered immaterial by the findings of the trial judge, we cannot say, as there were no findings of fact. The defendant was entitled to rulings, or a statement of fact showing that the requests

---

facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed.

were or had become inapplicable or irrelevant. This cannot be said to be harmless error. *Bresnick* v. *Heath,* 292 Mass. 293, 298, 299.

We are further concerned with the following statements contained in the report.

"There was no evidence of negligence presented nor was there any evidence of contract, express or implied.

The finding was against the law.

The finding was against the evidence."

■ ■ ■ While the report is deemed that of the trial judge, all counsel are duty bound to see that it is sufficiently clear so that the Appellate Division may determine whether there was error.

We are puzzled that counsel for the plaintiff, who filed a brief and argued before this Division, would allow the report to be settled in this form.

If it were not an oversight, it could be conclusive of the case.

If the report did not conform to the facts, counsel for the plaintiff might have filed a motion to disallow the report or petition to establish a report pursuant to Rule 28 and Rule 30 of the Rules of the District Courts (1965).

This points up the necessity of vigilance on the part of the Appellee's counsel to insure that the report contains all the includable material which tends to support the findings in his favor.

While the trial judge should not be placed in

the position of having to become a protagonist for the prevailing party once there is an appeal from his finding, neither should this Division be placed in the position of reversing the finding of the trial judge due to the indifferences exhibited in this report. The trial judge should be entitled to rely on the appellee's counsel to see that the report "contains all the evidence material to the questions reported."

Where the judge does not undertake to oversee the effort of counsel in settling his report, there may be instances such as this where his rulings on review may not have the support of the record to which they were entitled on the state of the evidence before him when the rulings were made. *Coco* v. *Lenfest,* 37 Mass. App. Dec. 97, 101, 102.

The report does not conform to the Rules of the District Courts. We feel that rather than ordering judgment for the defendant or recommitting the report to the trial judge for amplification, correction or other amendment under Rule 28, justice will better be served by vacating the finding for the plaintiff and ordering a new trial.

S. M. O'GORMAN of Boston
  for the Plaintiff

RICHARD S. KELLY of Boston
  for the Defendant