*Northern District*

No. 7792

## CUMBERLAND FARMS NORTHERN, INC.

v.

## GERALD A. SEWALL

Argued: June 22, 1972 - Decided: July 25, 1972

*Present:* Parker, P.J., Cowdrey, J., Mason, J.
Case tried to *Thompson, J.* in the Newburyport
District Court, No. 8956.

**Cowdrey, J.** In this action the plaintiff seeks
to recover monies allegedly overpaid by him
through miscalculation to the defendant for
services rendered during the term of the de-

fendant's employment as manager of the plaintiff's store. The declaration contains two counts, one in contract and one in tort for conversion. The answer is a general denial.

The trial justice made a finding for the defendant and thereafter the plaintiff moved for a new trial for the reasons that the finding was (a) against the weight of the evidence; and (b) against the weight of the law. The motion was denied. No request for rulings were filed.

The report indicates that an officer of the plaintiff corporation testified as to the basis of payment for services rendered, how much money the defendant should have been paid and how much money was actually paid. A settlement statement prepared by the company in the usual course of business contained the weekly sales and other computations and indicated the amount which the defendant should have received by way of compensation. The corporate officer also testified that he apprised the defendant of the error and the defendant admitted he was overpaid but did not know the exact amount.

Although the report does not so state, we are aware of spirited cross-examination of the sole witness for the plaintiff. The defendant offered no testimony or evidence in controversion of the plaintiff's case.

The motion for a new trial is addressed to the sound discretion of the trial justice and his denial of such motion must stand unless an

abuse of such discretion is shown. *Bartley* v. *Phillips,* 317 Mass. 35. We perceive no abuse. ▇ The report presents no question of law in view of the fact that no requests for rulings were filed.

The trial justice determines the facts from the evidence presented at the trial. He may believe or disbelieve any or all of the testimony presented, even if uncontradicted. The credibility of the witness is exclusively for the trial judge. *Dolham* v. *Peterson,* 297 Mass. 479.

In this case the trial justice may well have come to the conclusion, based upon the direct evidence and the cross-examination, that the accounting procedures were so confusing that the plaintiff did not prove the damages sought.

There being no reversible error, **the report is dismissed.**

ROBERT F. McNEIL
for Plaintiff
JOSEPH E. FARO
for Defendant