*Northern District*

## No. 8411

## HAVERHILL
## BUILDERS SUPPLY, INC.
### v.
## JOSEPH ORTINS,
## aka JOSEPH M. ORTINS et al[1]

Argued: Feb. 26, 1976. Decided: May 4, 1976.

[1] The plaintiff by stipulation with the other defendant, disposed of count two and that matter was not reported to this Division.

Case tried to *Tiffany, J.,* in the Central District Court of Northern Essex. Number: 74472.

Present: Cowdrey, P.J.; Bacigalupo, and Forte, J.J.

**Forte, J.** This is an action in contract to recover for the value of goods sold and delivered by the plaintiff to the defendant. An answer was filed but its contents have not been reported.

*At the trial there was evidence to show* that the defendant Ortins, acting on behalf of the defendant Wenham Homes, Inc., placed an order for certain goods and materials which the plaintiff delivered at a site where there was a sign indicating construction was being performed by the defendant Wenham Homes, Inc.Thereafter, there was a partial payment made by the defendant Wenham Homes, Inc. for the delivery of said goods and materials, which the plaintiff received and debited to the "Wenham Homes" account.

At the close of the evidence Ortins filed the following five requests for rulings:

1. Upon all the evidence, the Court should find for the defendant Joseph Ortins.

2. Upon all the evidence, the Court should find against the plaintiff Haverhill Builders Supply, Inc.

3. If the Court finds that the plaintiff received payments from Wenham Homes, Inc. then the Court should find for the defendant Joseph Ortins.

4. If the Court finds that the plaintiff did not enter into a written contract with the defendant, the Court cannot assess interest charges more than allowed by the General Laws of Massachusetts, Chapter 107, Section 3, as amended.

5. If the Court finds that the material sold by the plaintiff was delivered to Wenham Homes, Inc. and installed on the property other than that of Ortins, then the Court should find for the defendant Ortins.

All requests were denied, and the third and fourth requests were denied with the additional notation—"See finding of facts". From the denial of said five rulings, the defendant claims to be aggrieved.

The trial justice entered a finding for the plaintiff.

In addition to the evidence above detailed there is further evidence contained in the justice's findings.

 Although evidence is to be reported in accordance with Rule 64 (c) (2), Dist./Mun. Cts. R. Civ. P. (1975) and its model Form 33, and the practice of not conforming to this rule is to be discouraged, *Ross v. Elwell,* Mass. App. Dec. Adv. Sh. (1976) p. 132, report of evidence may be found in the justice's findings. *Olofson v. Kilgallon,* 362 Mass. 803 (1973).

In his findings, the trial justice states there was evidence that the defendant Ortins personally ordered the goods from the plaintiff; that the plaintiff sold goods to Ortins; that Ortins received the goods; that the invoice given Ortins at the time of purchase was made out to "Wenham Homes" and signed for by J. M. Ortins; that the plaintiff did not know that Ortins was incorporated and that Ortins never told the plaintiff that he had a corporation or was acting as an agent for a corporation.

There were no errors.

 Requests #1 (the court should find for the defendant) and #2 (the court should find against the plaintiff) in substance were requests for rulings that on all the evidence a finding for the defendant was required as a matter of law. *Memishian v. Phipps,* 311 Mass. 521, 524 (1942). These requests were rightly

denied because there was evidence that: the defendant personally ordered the goods from the plaintiff, the plaintiff sold the goods to the defendant, the defendant received the goods, and the bill for the goods was partially paid. A finding for the defendant was not required even though there was evidence to the contrary and a justice's finding cannot be disturbed if it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Edward v. Fields,* Mass. App. Div. Ad. Sh. (1975) 104, 107; *Barttro v. Watertown Square Theatre, Inc.,* 309 Mass. 223, 224 (1941).

The third and fourth requests were each denied with the notation "see finding of facts."

The justice specifically found that as a result of the contract between the parties, the defendant had the obligation to pay for the goods—and that any payment by Wenham Homes, Inc. had no bearing on the existing contract. Part payment by a third party does not relieve the contractual obligee of this contractual obligation.

The fourth request was properly denied because the trial justice made a specific finding of fact —that the plaintiff entered into a written contract with the defendant—contrary to the hypothetical fact of the request. There is no error in denying a requested ruling of law which does not appear pertinent to the facts as found by the trial justice. *Crowninshield Shipbuilding Co. v. Jackman,* 283 Mass. 21, 11 (1933); *Mahoney v. Norcross,* 284 Mass. 153 (1933).

The fifth request was that if the court finds two facts; (1) the materials were delivered to Wenham Homes, Inc. and (2) were installed on property other than that of the defendant, then the court should find for the defendant, is in substance a request that if the two assumptions are found by the justice, a finding for the defendant is required as a matter of

law. *Memishian v. Phipps,* 311 Mass. 521, 524. This was rightly denied because the trial justice had specifically found a written contract between the parties for the sale of the materials, that the defendant had the obligation to pay for the goods and where the goods were delivered was not relevant to the issues presented. There is no error in denying a requested ruling of law which does not appear pertinent to the fact found by the trial justice. *Crowninshield Shipbuilding Co. v. Jackman, supra.* The use made of the materials is immaterial to the contract found to exist between the parties. **Report dismissed.**