Black, J.
This is an action brought on November 3, 1980, by the plaintiff, George A. Thoresen, against Yvon J. LeTendre, as Trustee of D.Y.S. Realty Trust to recover monies paid as a deposit under a purchase and sale agreement relating to certain real estate. On December 10,1980, the defendant answered by contending that the plaintiff could not recover anything from the defendant because the plaintiff had breached the contract in question. The defendant also filed a counterclaim which alleged that the plaintiff, by filing his complaint *192 seeking return of the deposit, breached the contract with the defendant. The defendant sought actual damages for the alleged breach.
At trial, apparently there was evidence tending to show that the plaintiff signed an Offer to Purchase certain real estate on September 16,1978, which was accepted by the defendant, as trustee of the D.Y.S. Realty Trust on October 10, 1978. The offer had been prepared by one Foley, a real estate broker, who had no listing for the defendant’s property, but who went to the listing brokers for the property and worked out a “ co-broker’ ’ arrangement with them with the knowledge and consent of the defendant. The Offer to Purchase contained a provision that the Five Thousand Dollars ($5,000.00) paid as a deposit was to be considered as liquidated damages in the event of the buyer’s default and recited that the parties thereto would execute a standard form Purchase and Sale Agreement “which shall contain no new terms, additions, deletions, or contingencies other than those contained in this instrument.” The Offer to Purchase also stated that it was “[s]subject to all necessary State, local and federal approval for fifty-seven (57) house lots”.
On November 7,1978, the defendant’s attorney drew up a Purchase and Sale Agreement which was duly signed by both parties. The trial judge found that it was totally silent on the matter of the condition relating to the fifty-seven house lots. The Purchase and Sale Agreement contained a provision that it could be “cancelled, modified or amended only by a written instrument executed by the Seller and Buyer.” The agreement set December 19,1978, as the closing date. A short time before that date, it was learned that a covenant and agreement between the Town of Yarmouth (Planning Board) and the defendant relating to the development of the real estate either had expired or was about to expire. The defendant procured and extension of this covenant and agreement on December 18,1978, and this was recorded on March 6,1979. On the same date the parties signed a written extension of the time for performance of the Purchase and Sale Agreement to December 28, 1978. That extension provided for a second payment of five thousand dollars ($5,000.00) as afurther deposit. The additional five thousand dollar deposit was paid by the plaintiff on December 28, 1978.
At the date and time specified in the extension of the Purchase and Sale Agreement, the defendant appeared at the Registry of Deeds. On January 2, 1979, the plaintiff gave the defendant an additional deposit of eight thousand dollars ($8,000.00). On January 30, 1979, the defendant again appeared at the Registry of Deeds at which time an associate of the real estate firm of Foley from Falmouth appeared indicating that he represented the plaintiff. The associate had no funds and the plaintiff failed to appear. The trial judge found that there had been an oral extension of the Purchase and Sale Agreement to January 30, 1979, and that the plaintiff had breached this agreement. Therefore, the court concluded that the defendant had properly retained the deposit, as provided in the Purchase and Sale Agreement.
In connection with its counterclaim, the defendant testified that its actual damages substantially exceeded the liquidated damages provided for under the Purchase and Sale Agreement, but there is no evidence in the record as to what actual damages were, in fact, sustained.
At the close of the trial and before final argument the defendant submitted the following request for ruling:
That the filing and prosecuting of this action by the plaintiff is a breach of the contract between the parties dated November 7,1978 (paragraph 22 thereof) which excuses the defendant from being bound to retain the deposit as liquidated damages and allows the defendant to file counter- *193 suit for actual damages.
The court denied this request. The plaintiff submitted no requests for rulings but claims to be aggrieved by the court’s finding that there had been an oral extension of the Purchase and Sale Agreement. The defendant also claims to be aggrieved by the court’s findings.
The defendant failed to submit a brief in accordance with Dist./Mun. Cts. R. Civ. P., Rule 64(f) and was not given leave of court to present oral argument. Therefore, the defendant is regarded as having waived any right of appeal to this court. Parenthetically, we might note that there may be circumstances under which a defaulting party might be able to sue for actual damages over and above the forfeited deposit. Warner v. Wilkey, 2 Mass. App. 798 (1974). In this case, however, the defendant failed to prove actual damages and the request for ruling was properly denied in the form submitted to the trial judge.
As to the plaintiffs right of appeal, there is none since the plaintiff failed to preserve any legal issues for appellate review by neglecting to submit requests for rulings in a timely manner. McGlinchey v. Tomasello, 43 Mass. App. Dec. 206 (1969); Cumberland Farms Northern, Inc. v. Sewall, 49 Mass. App. Dec. 12 (1972). The principal issue raised in the appellant’s brief relates to the trial judge’s finding that there had been an oral extension of the Purchase and Sale Agreement. Oral extensions of such agreements have been recognized in the Commonwealth. Younker v. Pacelli, 354 Mass. 738, 741 (1968). Therefore, there is no error on the face of the record Bruce v. Harvard Trust Co., 47 Mass. App. Dec 183 (1971).
The report is dismissed.