Staff, J.
The complaint alleged breach of implied warranties and a claim under G.L. c. 93A for unfair and deceptive acts in the sale to the plaintiff of a used motor vehicle.
The trialjudge found for the defendants and we affirm.
The report indicates that the plaintiff claims to be aggrieved by the finding of the court and its “failure to grant [certain of] his request for rulings.”
General findings of the trial court are not reviewable by the appellate divisions; the appellate divisions were created solely to determine matters of law. G.L. c. 231, § 108. Consequently the appellate division lacks jurisdiction to consider plaintiffs grievance as to the finding of the trial court.
Before a claimed error of law can be considered by an appellate division, the issue of law must be presented squarely to the trialjudge. Except as to motion.', and evidentiary rulings, this is done by a request for ruling formally presenten in writing to the trial court before final argument. Dist./Mun. Cts. R. Civ. P., Rule 64 (b).
Generally, without proper requests for rulings, the appellate division does not have anything before it to consider. Thoresen v. LeTendre, 1983 Mass. App. Div. 191, 193; Perry v. Hanover, 314 Mass. 167, 169 (1943). Bushnelt v. Bushnell, 393 Mass. 462, 475 (1984).
The problem in this case is that every denied request for ruling of the plaintiff is either in improper form or incomprehensible. Each contains language- to the effect that “the court is required to find.” Absent binding admissions or pleadings the trialjudge is free to believe or disbelieve in whole or in part the testimony of the witnesses. He is not even required to believe the uncontradicted testimony of an expert witness nor of any witness. Dodge v. Sawyer, 288 Mass. 402, 408 (1934); Banaghan v. Dewey, 340 Mass. 73, 79 (1959); Lenn v. Riche, 331 Mass. 104, 111 (1954). Thus the trial judge rightly denied each of plaintiffs requests for rulings for he is not required to make the findings requested.
This pertains to and disposes of appellant’s claim of grievance as to the alleged G.L. Chapter 93A violations also.
Finding no error of law, we order that the report be dismissed.