Black, P.J.
This proceeding involves a petition to establish a report brought by the Mental Health Legal Advisors Committee seeking review of the dismissal of a petition by the Superintendent of Medfield State Hospital for the commitment of Tracy Bryan, as a mentally ill person under the provisions of G.L. c. 123, §§ 7 & 8.
It appears that Tracy Bryan, a seventeen year old, had been signed into Medfield State Hospital by her mother under the terms of G.L.c. 123, § 10 (a) (2). Sometime thereafter, Tracy Bryan gave a three-day notice under the provisions of G.L. c. 123, § 11, of her intention to leave the facility. Within three days of the giving of such notice, the Superintendent of Medfield State Hospital petitioned for her commitment under G.L. c. 123, §§ 7&8. Attorney John Dugan was duly appointed by the trial court from the list of attorneys approved by the Mental Health Legal Advisors Committee to advise the patient of her legal rights and to represent her at the hearing on the petition for commitment.
At the hearing, both the Superintendent of Medfield State Hospital and Tracy Bryan were represented by counsel, at which time the trial judge dismissed the petition. It was alleged by the respondent that the grounds for the dismissal was based upon the ruling by the trial judge that she was not authorized to submit a three-day notice since she was still under the age eighteen and had been admitted on the application of her mother under G.L.c. 123 § 10 (a) (2). No objection to the dismissal was entered by Attorney Dugan on behalf of Tracy Bryan, and no requests for rulings of law were filed (nor was there a request for leave for additional time to submit requests for rulings). The dismissal was entered on August 8, 1985.
On August 19,1985, Attorney David Engle as “Counsel for Tracy Bryan” filed an appearance and a request for a draft report. On August 28,1985, the trial judge received his copy of the respondent’s request for a report and a copy of the draft report. The trial judge took no action on the draft report and Mental Health Legal Advisors has petitioned for the establishment of the report. We should also note that Attorney John Dugan has remained counsel of record at all times during the pendency of these proceedings and that he has notified the Clerk of the Appellate Division that he does not assent to the petition by Mental Health Legal Advisors, nor does he agree with Mental Health Legal Advisors assertion that the trial judge erred in the dismissal of the petition by the Superintendent of Medfield State Hospital. We would hasten to add that *68 the draft report contains some eleven numbered paragraphs. Attorney Dugan asserts that only the first four paragraphs correctly reflect the trial proceedings.
The petition must be dismissed for a multitude of reasons. First, there were no requests for rulings by counsel for Tracy Bryan at the time of the dismissal of the petition, or a request for leave to file requests for rulings at a later time, as required by Dist./Mun. Cts. R. Civ. P., Rule 64(b). Therefore, no issues of law have been preserved for appellate review.
This case demonstrates, once again, the fundamental principle that in the absence of requests for rulings, no issues are preserved for appellate review (G.L. c. 231, § 108, Souza v. Stoney Acres, Inc., 1984 Mass. App. Div. 157; Stroczynski v. Shell Oil Company, 1984 Mass. App. Div. 141; Thoreson v. LeTendre, 1983 Mass. App. Div. 191, 193; White v. Lumbermens Mutual Casualty Company, 1983 Mass. App. Div. 122; Cumberland Farm Northern, Inc. v. Sewall, 40 Mass. App. Dec. 12 (1972); Gillette v. Service Casualty Company, 29 Mass. App. Dec. 44 (1964). From the record it would appear that the duly appointed attorney for Tracy Bryan concluded that the dismissal was in her best interests, for whatever reasons. Secondly, trial counsel is still counsel of record and under DistVMun. Cts. R. Civ. P., Rule 11(d), a change of appearance by the withdrawal of one attorney and the appearance of another, or the appearance of an additional attorney, requires notification to the court and the parties. Until such notification is effected, all parties may rely on the action by, and notice of, any attorney previously appearing. Mental Health Legal Advisors Attorney, David Engle, filed his appearance with the Clerk-Magistrate of the Dedham Division, District Court Department, without notifying either the trial judge or any of the parties to the proceeding. The appellate record does not disclose that either court-appointed counsel or Tracy Bryan was aware of, or assented to, the appearance of Attorney Engle. Therefore, the trial judge was well within his rights in refusing to accord any standing to the Mental Health Legal Advisors Committee with respect to its request for a draft report. While G.L. c. 221, § 34E confers express legal authority upon the Mental Health Legal Advisors Committee to oversee the handling of mental health cases and to prepare a list of qualified mental health legal advisors who may be appointed by various courts to represent indigents in mental health proceedings, the statute does not expressly, or impliedly, confer upon the Mental Health Legal Advisors Committee the right to interfere with the handling of a case by court-appointed counsel who has been approved by the Committee as being qualified to handle mental health cases, where the Committee disagrees with some action by the attorney or seeks appellate review of some particular ruling of law, without the assent of duly appointed counsel.
A mental health patient is entitled to the untrammeled and unimpaired assistance of court-appointed counsel, free of any conflict of interest and unrestricted by commitments to others, including Mental Health Legal Advisors. Commonwealth v. Hodge, 386 Mass. 165, 167 (1982). Succinctly stated, his first duty is to his client and her best interests. There is nothing in the appellate record to suggest that court-appointed counsel has, in any way, fallen short of that duty. Consequently, the Mental Health Legal Advisors Committee has no standing in this case.
We note, as part of our analysis, that the petition to establish a report, its supporting affidavit and the draft report contain several flaws or inadequacies, which also render the petition fatally defective. It is well established that the affidavit supporting a petition to establish a report is required to contain a *69 clear and unequivocable statement that the draft report sought to be established contains an accurate summary of all the relevant evidence and proceedings and conforms to the truth. Lasell v. Director of the Division of Employment Security, 325 Mass. 23, 26 (1949), Sea Street Auto Body Inc. v. Mullis, 55 Mass. App. Dec. 142, 145 (1974). Additionally, the verification as to the truth of the contents of the draft report should be as of the affiant’s personal knowledge. Stevens v. United Artists Corp., 373 Mass. 857 (1977); Cook v. Kozlowski, 351 Mass. 708 (1967); Wolf v. Bain, Inc., 1983 Mass. App. Div. 365; Massey v. Massey, 1983 Mass. App. Div. 89, 90; The Connecticut Bank and Trust Co. v. Phaneuf 37 Mass. App. Dec. 196 (1967). The petition to establish is strictissimi juris {Lasellv. Director of the Division of Employment Security, supra, at 25; Wolfv. Bain, Inc., supra.) The petition to establish the report and the affidavit filed in this case fail to meet even these minimum requirements.
Finally, the draft report structure outlined in Form 33 and Rule 64 (c) (2) is a simple model for an organized, and comprehensive record of trial court evidence and proceedings. Such a record is a logical prerequisite to the review of any case by this Division. Murphy v. Hamed, 1985 Mass. App. Div. 30. Among other things, the report must contain a statement that it contains “all of the evidence material to the question reported.” Absent such an explicit assurance, establishment of the draft report is not in order (Comfort Air Systems v. Cacopardo, 370 Mass. 255, 259 (1976)). The draft report subjudice does not contain such a statement, and in all other respects, totally fails to comport to the requirement of Form 33 and the rule. It is replete with case citations, citations from the Code of Massachusetts Regulations and the quotations from the Department of Mental Health "Mental Health Inpatient Facility Operations Manual, ” as well as appellate arguments advanced by the Mental Health Legal Advisors Committee concerning the legal issues it seeks to have reviewed.[1] In essence, it is more in the nature of an appellate brief than a report of the proceedings. Although strict compliance with Rule 64 (c) (2) regarding draft reports may not be required, substantial compliance is a necessity. Hunter v. Klauber, 24 Mass. App. Dec. 183 (1962). In the form presented to the trial judge, the draft report could have been dismissed by him Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115, 116; Dreikorn v. Durkin, 1983 Mass. App. Div. 267.
For all of the foregoing reasons, the petition is denied.

 There is no evidence in the appellate record that any of these materials were presented to the trial j udge at the hearing on the petition for commitment or served as a basis for whatever rulings he may have made.