Gailey, J.
This is before the Court on defendant’s Petition to Establish a Draft Report in an action in tort which was tried before a justice of this court. For the following reasons, the petition is denied.
In this action, plaintiff sued for personal injuries suffered in a slip and fall on ice on a walk owned or controlled by the defendant, the present petitioner. After a trial on the merits, in the course of which no requests for findings or rulings were submitted to the court and petitioner claimed no report with respect to any evidentiary ruling, the trial justicefoundfortheplaintiffintheamountof$12,000. Thedefendantfiledatimely motion for a new trial,-which was denied without hearing. There were no requests for rulings in connection with the motion for a new trial.
Defendant thereafter filed a draft report, which is the subject of the instant petition. The draft report was disallowed because it presented "no questions of law to report to the Appellate Division.” Defendant thereupon filed the instant petition.
It is fundamental that an appropriate request for ruling is a condition precedent to aright of review by the Appellate Division. White v. Lumbermen’s Mutual Casualty Co., 1983 Mass. App. Div. 122, 123; Gillette v. Gear, 29 Mass. App. Dec. 44 (1964). In the absence of any request for ruling, no question of law can be presented to the Appellate Division. Cumberland Farms Northern, Inc. v. Sewall, 49 Mass. App. Dec. 12, 14 (1972); White v. Lumbermen’s Mutual Casualty Co., supra. Defendant submitted no requests for rulings whatsoever, whether at trial or upon motion for a new trial. No questions of law have been preserved for appellate review.
The draft report having been disallowed by the trial justice for that reason, there was no error in that disallowance. The petition to establish the report should be denied.
In addition, the instant petition to establish the draft report is deficient under Rule 64(e). The procedure to establish a report is to be strictly observed, Universal Film Exchanges, Inc. v. Riff, 15 Mass. App. Dec. 143 (1957). The defendant’s petition contains no affidavit verifying the petition and all of the facts material thereto. This deficiency in itself would be dispositive.
The only alleged act by the petitioner which he asserts raised an issue of law for review is the denial by the trial justice of petitioner’s motion for anew trial. There were no requests for rulings submitted with that motion, and no issue of law has been preserved for review.
Moreover, even if we were to review the denial of the motion for a new trial, there would still be no issue of law for appellate review. That motion for a new trial, according to the unverified Draft Report, raised three issues. It asserted that:
1. ‘The finding of the Court was against the evidence”;
*26 2. “The finding of the Court was against the weight of the evidence”; and,
3. “The finding of the Court was against the law.”
As to the issue of whether the finding of the Court was against the evidence, petitioner alleges error not in any finding of fact by the trial justice, but only in a variance between the use of the term “sidewalk” in the Complaint and the use of the term “walk” in plaintiffs testimony at trial. The meaning of the word “walk” in oral testimony in this context was a question of fact for the trial justice.
Similarly, the second assertion, that a finding was against the weight of the evidence, does not raise an issue of law for review. The weight of the evidence was a matter for the finder of fact.
On the claimed error that “the finding of the Court was against the law,” petitioner asserts that there was no written notice as required by G.L.c. 84, §18, and that the Complaint did not allege such notice. The short answer to that is that in a case of afall on ice or snow, as in this case, the statute does not state that the notice is aprecondition to liability but only provides that lack of notice does not constitute a defense “unless the defendant proves that he was prejudiced thereby.” This means that the defendant had the burden of proof on this issue, and that plaintiff did not have to plead or prove notice. Moreover, as with the other issues raised in the Petition, petitioner did not preserve any issue as to the adequacy of the pleadings, or submit any requests for findings or rulings on the issue of notice or lack thereof, or of any prejudice from any possible lack of notice. In fact, the Draft Report contains not a scintilla of evidence relating to the issue of prejudice, as to which the defendant had the burden of proof.
The petitioner’s motion for anew trial was addressed to the sound discretion of the trial justice, and his denial of that motion must stand unless it is shown to have been an abuse of discretion. Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1971); Bartley v. Phillips, 317 Mass. 35, 41-42 (1944). There is nothing in the petition before us which would ftirnish any basis whatsoever for concluding that there was such an abuse of discretion by the trial justice.
The defendant’s Petition to Establish a Draft Report is DENIED.