Martin, J.
This is an action in tort by which the plaintiff sought to recover damages for personal injuries sustained from a fall on stairs owned and maintained by the defendant. The trial judge entered a finding for the plaintiff on March 23, 1992. Following the court’s finding, the defendant filed a Motion for New Trial and a Motion to Vacate Judgment. Both motions were denied. The defendant claims to be aggrieved by the court’s findings and the court’s denial of the motions. We affirm the court’s findings and the denial of the motions.
The defendant failed to make any request for rulings pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(b) andhas, therefore, waived therightto appeal. Itis one of the most fundamental rules of practice in the District Court that an appropriate request for ruling is a condition precedent to the Appellate Division, Gillette v. Gear, 29 Mass. App. Dec. 44 (1964), and that in the absence of any request for ruling, no question of law can be presented to the Appellate Division, Cumberland Farms Northern, Inc. v. Sewall, 49 Mass. App. Dec. 12, 14 (1972). One purpose for requests for rulings is to separate the law from the facts by stating the facts hypothetically and requiring a ruling upon the legal result of the facts stated. Libertore v. Town of Framingham, 315 Mass. 538, 543 (1944).
The defendant claims to be aggrieved by the court’s denial of the motion for new trial. Whether to allow a motion for a new trial lies within the judge’s sound discretion, and the decision will not be disturbed on appeal unless there is a showing of an abuse of discretion. City of Worcester v. Eisenbeiser, 7 Mass. App. Ct. 345 (1979). The motion for a new trial may not be used as a vehicle to compel the judge to rule on questions of law which could have been raised at trial but were not. Eva-Lee, Inc. v. Thomson General Corp., 5 Mass. App. Ct. 823 (1977).
There is no basis for this division to find error in the court’s denial of defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60(b) motion to vacate thejudgmentfor thereasonthat a fraud has been perpetrated on the court. There are no facts contained in the report that would indicate the trial judge has not already addressed the issue of fraud and determined on a factual basis that fraud did not exist.
Since the defendant in this matter did not submit any requests for rulings, no questions of law have been preserved for appellate review.
For the foregoing reasons, we find that the trial judge committed no error, and order the report dismissed.