Martin, J.
This is an appeal by defendant, General Motors Acceptance Corporation (hereinafter GMAC), from the trial judge’s denial of defendant’s Motion to Dismiss. The defendant claimed the plaintiff lacked standing to bring the suit. We find no error.
This court makes a preliminary finding that the defendant failed to make a written request for rulings pursuant to Dist./Mun, Ct. R. Civ. P., Rule 64 (b). At the trial, after the close of evidence, the defendant requested that the court rule for the defendant claiming the plaintiff lacked standing to sue the defendant in his individual capacity. The request for the ruling was not made in writing and was not made before the close of all the evidence; therefore, the defendant’s request was not preserved for appeal by the Appellate-Division pursuant to Dist./Mun. Ct. R. Civ. P., Rule 64(b).
It is one of the most fundamental rules of practice in the District Court that an appropriate request for ruling is a condition precedent to a right of review by the Appellate Division, Gillette v. Gear, 29 Mass. App. Dec. 44 (1964), and that in the absence of any requestfor ruling, no question of law can be presented to the Appellate Division, Cumberland Farms Northern Inc. v. Sewall, 49 Mass. App. Dec. 12, 14 (1972), Logan Equipment Corp. v. Karen Construction Co., 1985 Mass. App. Div. 50 (1985).
A report was allowed, however, to address the propriety of the trial justice’s denial of the defendant’s Motion to Dismiss.
This case arises out of a complaint filed by the plaintiff, Joseph Mancuso, against the defendant, GMAC-, for trespass and conversion of a vehicle, for which the plaintiff recovered judgment against the defendant on November 5, 1992 in the amount of $11,000.00 plus interest and costs.
The defendant filed a Motion to Dismiss the plaintiff’s suit stating that the plaintiff lacked standing to sue in his individual capacity. The defendant claims the real party of interest to be the partnership which held title to the vehicle which was the subject of the repossession. The Motion was denied at a hearing before Justice Lewis L. Whitman.
The issue presented for review is whether the judge properly determined that the plaintiff had standing to bring suit for trespass and conversion.
An action for conversion may be brought by “one whose possessory right has been seriously impaired by wrongful dispossession of or damage to his property . . . Moreover, one whose interest in the property is impaired by the defendant’s tortious act may have standing even though at the time of the tort, he did not have the right to immediate possession ... The overriding rule... is that an action for conversion lies to recover damage to or loss of a chattel by one whose ownership or security interest is harmed.” NOLAN & SARTORIO, TORT LAW 2d Ed, M.P.S. VOL. 37, c.4, §59 (1989).[1]
In this case, the plaintiff maintained actual possession of the vehicle which was *137 wrongfully repossessed. Whether the plaintiff had the right to immediate possession is not determinative of whether the plaintiff had standing to bring suit for conversion.
The defendant also maintains that the plaintiff did not have standing to bring suit for trespass. It is well settled that possession is the physical control of the chattel accompanied by the intent to exercise such control on one’s own behalf. One in possession of personal property is entitled to be free of an illegal or improper interference in the enjoyment of the chattel. Possession, not title, is foundational in the pursuit of an action for trespass and proof of title is not required. See, NOLAN & SARTORIO, TORT LAW 2d Ed., M.P.S. VOL. 37, c.4, §54,55 (1989).
The plaintiff maintained physical control of the vehicle and had standing to sue for trespass. New England Box Co. v. C. & R. Const. Co., 313 Mass., 696 (1943).
Ñie plaintiff maintained actual possession of the vehicle which was repossessed by the defendant. The Superior Court subsequently awarded the plaintiff the return of the vehicle, finding a wrongful repossession by the defendant. This judgment rendered the plaintiff the injured party who, thereafter, had standing to bring suit.
The defendant also contends that a cause of action for trespass coupled with conversion is duplicitous. In the case at hand, each count (one for trespass and one for conversion) is independent of the other, although the independent acts occurred from one act of repossession on the part of defendant. The elements of each cause of action are separate and the plaintiff is required to prove each was met. This court is satisfied that the plaintiff met his burden as to the elements of each cause of action.
Accordingly, this court finds no error and affirms the ruling.

 See also cases collected at 82-83.