*Northern District*

No. 4969

*First District Court of Eastern Middlesex*

No. 4135 of 1955

**JAMES E. VOTOUR**

v.

**CITY OF MEDFORD**

*Eno, J.* This is an action of contract brought by a police officer against the defendant City for wages during the period of his disability for injuries allegedly sustained in the performance of his duties, tried before (*Schofield, J.*).

The answer was general denial, payment, and that "the plaintiff has not exhausted all means before bringing this action of contract and that he has been ordered back to work, as being physically able to carry on his duties, but that he has refused and still refuses to go back to work."

*There was evidence tending to show* that the plaintiff "had complained of an injury to his right hip while engaged in police duties on October 16, 1953, and that he remained off duty for four days at that time, that he returned to work and except for intervals of sick leave he continued to work until he was again injured on August 31, 1954, when he fractured *his right wrist as the result of a fall while on duty;*" that "he went to an osteopathic physician for his hip injury and that he received a form of treatment at that time which included the area of his back as well as the hip, and that he continued to suffer from a painful back condition from that time forward until the present; the plaintiff further testified that he sustained no other injury or accident until the injury of August, 1954, and that the fall in August, 1954 also aggravated his back condition; that he had occasionally done some work while off duty around his home, that he could drive an automobile, but that he could not remain seated for any length of time or stand for any length of time without discomfort."

The City physician "disqualified himself as an orthopedic expert" but testified "that he had examined the plaintiff at the time he sustained an injury to his wrist and arranged for his treatment for a fracture of the wrist; that he was a member of the Medical Panel that examined the plaintiff for the Retirement Board of the City of Medford, and that he signed its report to the effect that the plaintiff had a permaent back injury."

The opinion of Dr. Russell Sullivan written as part of his report to the Retirement Board was introduced in evidence as follows:

"The issue as to the necessity of retirement in this case rests entirely on the back condition as the fracture of the scaphoid bone is probably uniting. He certainly is totally disabled for any kind of duty at this time because of his back condition.

It is the unanimous opinion of the panel that this is a permanent disability, at least as it concerns a police officer, because he certainly will be prone to acute episodes of severe pain and disability. A spinal fusion might cure him, but following the fusion, it would be hazardous for him to continue working as a police officer. Therefore, we believe that the man should be permanently retired."

The following report of the plaintiff dated October 16, 1953, was also introduced into evidence:

"At 9:30 A.M. while lifting a patient M. Rice, at N. E. Sanatarium developed injury to right side of hip.  JAMES E. VOTOUR."

There was further evidence that the plaintiff "had taken sick leave becaues of a back condition, and that on some of these occasions he had been treated by a doctor at his own expense."

The Chief of Police testified "that he could prepare a program of work which the plaintiff could do, and that he wanted him back in the department, and that there was no claim by the plaintiff of any back injury arising from his work until sometime in January, 1955."

At the time of trial "the plaintiff's wrist injury was still uncomfortable, but that it was mending and that he had been able to use it in limited fashion in police work since the injury to it, and that he was wearing a steel brace and that it was his painful back condition that prevented him from performing the duties of a police officer."

The Court denied the following requests for rulings of the defendant:

4. The burden of proving that a present back condition was caused by an injury sustained in the performance of duty has not been met when the only evidence of the causal condition was a pain in the right side of the hip near the buttocks first felt over two years ago (October, 1953) when the officer returned to regular duty in four days and performed his duties until he injured his wrist nearly one year later, in the absence of any expert medical opinion as to

the causal connection and where the evidence showed no mention of back injury in official reports, particularly at the time of the injury to the wrist.

8. The preponderance of the evidence in this case does not lead to the conclusion that it is more likely than not that the plaintiff's present back condition was caused by an injury to the right side of his hip sustained in October of 1953 in the light of the fact that no expert medical opinion evidence linked the two situations, where no complaint of a back injury appeared on the man's own report, where he returned to his normal duties and worked until he injured his wrist and no medical testimony was offered to show that he was treated for a back condition.

13. A finding that the plaintiff had sustained the burden of proving that his present injury was attributable to the incident occurring in October, 1953, and that he is incapacitated for limited rehabilitating police work would be against the weight of the evidence.

## The Court also ruled at the request of the plaintiff:

1. The provisions of Chapter 41, Section 111F, of the General Laws apply to the City of Medford.

2. The plaintiff is entitled to recover in an action of contract for wages due him.

3. The incapacity of the plaintiff having been established, the burden of proof is on the defendant to show that the incapacity no longer exists within the meaning of the provisions of the statute, Section 111F of Chapter 41 of the General Laws.

4. The defendant was bound to pay to the plaintiff his salary for any period for which he may be incapacitated because of injury sustained in the performance of his duty in the absence of proof that the plaintiff was either pensioned, retired, or it has been determined by a physician designated for that purpose by the officer authorized to appoint police officers that he was no longer so incapacitated.

5. The defendant City has failed to sustain its burden of proof.

6. As a matter of law, the evidence is sufficient to support a finding that the Defendant has violated the provisions of

Section 111F, Chapter 41 of the General Laws of Massachusetts.

## The Court made the following findings of facts:

1. I find that the plaintiff, James E. Votour, who for thirteen years had been a police officer in the employ of the City of Medford, sustained an injury to both of his wrists on August 31, 1954 while on police duty during a storm of hurricane proportions, and that the scaphoid bone of the right wrist was fractured.

2. . . . that the plaintiff was incapacitated from his work as a police officer from August 31, 1954 until January 8, 1955 when he reported for duty and was assigned light work. I find that he was listed on the pay roll from August 31, 1954 until January 8, 1955 and received his weekly pay.

3. . . . that the plaintiff worked for the Police Department of the City of Medford from January 8, 1955 until March 10, 1955 receiving his weekly pay during this period.

4. . . . that the plaintiff has been off duty from March 10, 1955 to December 9, 1955, the date of this hearing; that his weekly pay continued to July 3, 1955 at which time he was dropped from the City of Medford pay roll.

5. . . . that on October 15, 1953 the plaintiff was assigned to ambulance duty and that in lifting a patient, W. Rice, at the New England Sanitarium, he sustained an injury to his right hip; that he reported the injury to the Medford Police Department on October 16, 1953, remained at home four or five days, returning to work about October 23, 1953 still suffering pain; that he was taken off ambulance duty and given another job; that he received medical treatment for the hip condition for which the City of Medford paid and that he has remained out of work on various occasions because of said back and hip condition.

6. . . . that shortly after the accident of August 31, 1954, when the plaintiff in the performance of his duty fell forward on the ground during a hurricane, sustaining a fracture of the scaphoid bone of his right wrist, Votour was conscious that his back was again paining.

7. The plaintiff testified that he is unable to put on his shoes; that he still suffers a great deal of pain with his

right leg and back and that during 1955 he has been treated four or five times by Dr. Cotton, the orthopedist, a back brace having been prescribed about the middle of March, which he is still wearing; that he can't pick up anything from the floor without getting on his knees, that without the brace he can't bend at all; that he can't sit too long; and that his condition does not seem to change. He further testified that it is impossible for him to bend his right wrist back.

8. I find that sometime before April 25, 1955 the plaintiff was examined by a medical panel of orthopedists consisting of Dr. Russell Sullivan, Dr. Frank Inserra, and Dr. Cotton and that the panel in question reporting to the Retirement Board of the City of Medford stated as follows: "The issue as to the necessity of retirement in this case rests entirely on the back condition as the fracture of the scaphoid bone is probably uniting. He certainly is totally disabled from any kind of duty at this time because of his back condition. It is the unanimous opinion of the panel that this is a permanent disability at least as it concerns a police officer, because he certainly will be prone to acute episodes of severe pain and disability. A *spinal fusion* might cure him but following the fusion it would be hazardous for him to continue working as a police officer. Therefore, we believe that this man should be permanently retired."

9. The Court looked at the plaintiff's left wrist, observed that he was wearing a leather wrist brace, found that he had a firm hand grip and heard his complaint, as he pointed to the anterior side of the wrist, that he had pain there and was unable to stretch his wrist in a backward position. The plaintiff attempted to bend his wrist back without success. Votour testified that after Dr. Lyons, the orthopedist, took off the fourth and final cast from his right wrist he prescribed a leather brace, at first a heavy one, and later a lighter one.

10. Dr. Frank Inserra testified that in his opinion some limitation of motion in the plaintiff's right wrist still existed in April, 1954, at which time he examined him.

11. I find that the plaintiff's back condition is the chief reason that he would be unable to perform the full duties of a police officer but that even without the back disability the

limitation of motion in Votour's right wrist would interfere with the full duties above mentioned.

12. . . . that as a result of the back injury of October 15, 1953, and the fracture of the right wrist on August 31, 1954 the plaintiff was incapacitated as to the performance of the duties of a police officer from July 3, 1955 to October 18, 1955 and that he is entitled to the pay which is provided for in Chapter 41 Section 111F of General Laws.

The defendant claimed to be aggrieved by the denial of its three requests for rulings and by the Court's finding above numbered 5, 8, 11, and 12. No claim of report has been made by the defendant on the allowance of the plaintiff's six requests for rulings. G. L. c. 41, §111F under which this action is brought provides in part as follows:

> "Whenever a police officer . . . of a city . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, he shall be granted leave without loss of pay for the period of such incapacity . . ."

The trial judge has found as a fact that the plaintiff did suffer an injury in the performance of his duty which incapacitated him.

We cannot say that there was no evidence from which the trial judge could so find. She had the testimony of the plaintiff, whom she apparently believed. In addition there was the unanimous report of the medical panel to the effect that he "was totally disabled for any kind of duty at this time because of his back condition."

The defendant's three requests, therefore, become immaterial in view of the trial judge's findings of facts. *Bresnick v. Heath*, 292 Mass. 293, 298; *Marquis v. Messier*, 303 Mass. 553; *Bern v. Boston Cons. Gas Co.*, 310 Mass. 651, 653, 654; *Mansfield v. Spear*, 313 Mass. 685, 686; *Horton v. Tilton*, 325 Mass. 79.

The findings of facts of the trial judge numbered 5, 8, 11, and 12 are not reviewable. They are adequately covered by the defendant's requests for rulings.

There being no prejudicial error, the report is to be dismissed.

Mark E. Gallagher, for the Defendant.

John J. Tobin, for the Plaintiff.

*Third District Court of Bristol*