*Northern District*
Appellate Division No. 8143
### ANTHONY G. CARVALHO
v.
### CITY OF CAMBRIDGE
and
### ANTHONY G. CARVALHO
v.
### WILLIAM CREMINS
Argued: Dec. 20, 1973 - Decided: Feb. 25, 1974

*Present:* Cowdrey, P.J., Forte, J. and Flaschner, C.J.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex, Nos. 1838 and 1839 of 1970.

**Flaschner, C.J.** Two actions, one in contract and one in tort, by plaintiff as a lieutenant in the Cambridge Fire Department, to recover wages which he claims should have been paid to him for the month of February 1970 after he was injured while in the performance of his duties on January 26, 1970. The plaintiff filed no requests for rulings. The trial judge found for the defendant in both cases and deemed to be waived the defendant's requests for rulings. The plaintiff filed a motion for a new trial. He did not file requests for rulings upon the hearing of this motion. After hearing, the motion was denied by the trial justice.

In the absence of plaintiff's requests for rulings, no question of law for decision is presented by this record. *Reid* v. *Doherty,* 273 Mass. 388, 389. *Murphy* v. *Kelley,* 302 Mass. 390, 392. *Sreda* v. *Kessel,* 310 Mass. 588, 589.

Questions of law which might have been raised at the trial on the merits cannot be raised as of right on a motion for a new trial. *Kennedy* v. *Currier,* 293 Mass. 435, 439-

40. *Daddario* v. *Gloucester,* 329 Mass. 297, 301. *Haines Corp.* v. *Winthrop Square Cafe,* 335 Mass. 152, 154.

The disposition of such motion commonly rests in sound judicial discretion. *Energy Electric Co., Petr.,* 262 Mass. 534, 538. See generally: *Bartley* v. *Phillips,* 317 Mass. 35, 40-44. The record discloses no abuse of discretion.

The plaintiff went to Florida three days after his injury. He had been intending to go to Florida for his vacation at this time. His doctor would not have advised him to go to Florida if he had not already planned to go. His leaving the city while on claimed sick or injured leave without approval by the Chief of the Department was a violation of the Rules and Regulations of the Cambridge Fire Department. The fact that he sustained an injury in the performance of his duty on January 26, 1970 did not require the trial justice to conclude that he was incapacitated for duty because of that injury for the period claimed by the plaintiff. Incapacitation under G.L. c. 41, § 111F is a question of fact. *Votour* v. *City of Medford,* 12 Mass. App. Dec. 45, 51, aff'd 335 Mass. 403.

**Report Dismissed.**

MATTHEW J. FERRARO
    for plaintiff
EDWARD D. McCARTHY
    for Defendants