HENRY MARTIN vs. W. F. HALL.

Bristol.    December 4, 1975. — March 8, 1976.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Ordering verdict.    *Waiver.*

In a civil case a defendant who introduced evidence after making an
    unsuccessful motion for a directed verdict at the close of the
    plaintiff's case and who did not renew the motion after presenting
    his evidence waived his right under Mass. R. Civ. P. 50 (a) to
    assert error in the judge's refusal to grant a directed verdict. [884-
    885]

TORT.    Writ in the Superior Court dated April 1, 1970.
The action was tried before *Mitchell, J.*

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*Henry G. Barrett* for the defendant.
*A. William Kennedy* for the plaintiff.

HENNESSEY, C.J.    This is an action of tort in which the
plaintiff seeks to recover damages for injuries alleged to
have been sustained as a result of the defendant's negli-
gence.    At the close of the plaintiff's evidence, the
defendant moved for a directed verdict, which motion
was denied by the judge.    The record does not establish
that the defendant renewed his motion after putting on
his case.    At the close of all the evidence, the jury
returned a verdict for the plaintiff.    The sole question on
appeal is whether the trial judge improperly denied the
defendant's motion for a directed verdict.

The evidence, as presented by the plaintiff's case, may
be summarized as follows.    The plaintiff, a resident of
Portsmouth, Rhode Island, visited the defendant's jewelry
store in Attleboro, Massachusetts, on February 4, 1970,

in order to have three rings appraised. The plaintiff had previously been to the defendant's store in the early part of December, 1969, for the purpose of having a cigarette case engraved. On both occasions, the plaintiff spoke only with the defendant.

According to the plaintiff's testimony, he called Hall Jewelers on February 3, 1970, and spoke to Hall concerning the cost of appraising three rings. On the following afternoon, the plaintiff brought the rings to the store and told the defendant his name, address, and place of employment, Texas Instruments, in Attleboro. The plaintiff further testified that he informed the defendant that he had to have the rings appraised in order to renew his homeowner's insurance policy and that he had been to the defendant's store and had talked to him in early December concerning the engraving of a cigarette case. At no time did the plaintiff give any indication as to the value of the rings, although he knew the cost of his wife's wedding ring and had some idea that each of his mother's rings was worth $1,000 or more. Nor did the plaintiff show the defendant any bills of sale or other documents of title. The plaintiff was told to return that evening at closing time to pick up the rings.

On entering the defendant's store that evening, the plaintiff was grabbed by several men, who he later learned were policemen, pushed against the jewelry case and then taken into the back room. The plaintiff testified that he was subsequently handcuffed, removed from the store, put into a police car, and taken to the police station where he was interrogated. After having spent an hour or more at the station, the plaintiff was permitted to leave on the signing of a document releasing the Attleboro police department from all liability arising out of the arrest and detention.

As part of the plaintiff's case, the defendant's answers to interrogatories were introduced in evidence. The defendant stated that he did not suspect that the rings were stolen but nevertheless made a telephone call to the

Attleboro police department on the afternoon of February 4, in order to verify the plaintiff's name and address. Calling the police, according to the defendant, was standard practice in his company "relative to . . . jewelry of the value of the rings in question."

Thereafter, the plaintiff rested and the defendant moved for a directed verdict. The defendant's motion was denied and his objection duly noted. The defendant did not rest. It appears that he then presented evidence. We conclude that the defendant has waived his right under Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974), to assert error in the judge's refusal to grant a directed verdict and thus judgment must be affirmed.

The trial in the present case commenced in September, 1974, and therefore, under the Transitional Rule, Mass. R. Civ. P. 1A, 365 Mass. 731 (1974), the trial was governed by the new Massachusetts Rules of Civil Procedure which took effect on July 1, 1974. Massachusetts Rule of Civil Procedure 50 (a), which covers motions for directed verdicts, is patterned on Rule 50 (a) of the Federal Rules of Civil Procedure. See Reporter's Notes to Mass. R. Civ. P. 50 (a). The Federal courts, when interpreting Rule 50 (a), have consistently held that if a party introduces evidence after making an unsuccessful motion for a directed verdict at the close of his opponent's case, this constitutes a waiver of the objection to the sufficiency of the evidence. See 5A J. Moore, Federal Practice, par. 50.05 (2d ed. 1975), and cases cited therein. An appellate court cannot review the sufficiency of the evidence in the absence of an effective motion for a directed verdict, and clearly a motion which has been waived does not constitute an effective motion. *Id.* at 2343 n.7.

The reason for this waiver rule was stated by the Supreme Court in *Bogk* v. *Gassert,* 149 U.S. 17, 23 (1893): "A defendant has an undoubted right to stand upon his motion for a nonsuit, and have his writ of error if it be refused; but he has no right to insist upon his exception, after having subsequently put in his testimony

and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself, by his own evidence, supplies the missing link, and, if not, he may move to take the case from the jury upon the conclusion of the entire testimony."

Although under this reasoning the defendant could have renewed the motion after introducing his evidence, and thereafter appealed from a denial of his motion for a directed verdict at the close of all the evidence, this is not the case before us. The defendant here is appealing only from the trial judge's denial of his motion at the close of the plaintiff's case. The defendant was entitled, without resting, to a ruling on his motion, but his failure to rest[1] entailed the consequences that we have shown.[2] Following the reasoning of the Federal courts, we conclude that the defendant, under Mass. R. Civ. P. 50 (a), waived his claim of error on introducing evidence of his own, and thus there is no basis for an appeal.

*Judgment affirmed.*

---

[1] It is clear from defendant's brief that he did not rest after his motion was denied, and that he thereafter presented evidence.

[2] The justification for applying the Federal rule, which we now adopt, is particularly shown in this case, since on the truncated record before us, we have no indication what evidence the defendant presented after denial of his motion for a directed verdict.