IRMA RENI & another *vs.* MARGARET COURTNEY.

Suffolk.    March 12, 1976. — April 8, 1976.

Present: KEVILLE, GRANT, & ARMSTRONG, JJ.

*Practice, Civil,* Ordering verdict, Waiver, New trial. *Waiver. Evidence,* Declaration of deceased person.    *Conversion.*

Where the defendant presented a motion for a directed verdict at the close of the plaintiffs' case without resting and withdrew a subsequent motion for a directed verdict made at the close of all the evidence, this court declined to review the sufficiency of the evidence. [236-237]

The judge in a civil action did not err in admitting in evidence hearsay statements of a deceased person under the provisions of G. L. c. 233, § 65. [237]

The judge in a civil action did not abuse her discretion in denying the defendant's motion for a new trial. [237-238]

In an action for conversion, the judge erred in instructing the jury that the defendant was liable in conversion only if the plaintiffs had made a demand for the return of the property and the defendant refused; demand and refusal are only evidence of conversion and are not required when other circumstances are sufficient to prove conversion. [238-239]

TORT. Writ in the Superior Court dated May 15, 1969.

The action was tried before *Abrams, J.,* on a substituted complaint.

*Martin H. Green* for the defendant.
*Robert F. Corliss* for the plaintiffs.

KEVILLE, J.    This is an action in five counts for conversion. The case was tried to a jury which returned verdicts for the plaintiffs on all save count 3 on which there was a verdict for the defendant. Judgments were entered for the plaintiffs on each of the four counts for damages in amounts which had been stipulated by the parties. Judgment was entered for the defendant on count 3. The

defendant appeals from the judgments entered for the plaintiffs and the plaintiffs appeal from the entry of judgment on count 3 for the defendant. The trial and subsequent proceedings, having taken place after July 1, 1974, are governed by the new Massachusetts rules of civil and appellate procedure.

Irma Reni (Irma) is the daughter of Frank Reni (Frank), deceased. The other plaintiff, Priscilla Croteau, is the administratrix, c.t.a., of Frank's estate. Frank entrusted the care of Irma, then age four, to the defendant who operated a nursery school. Irma lived with the defendant for eight years until Frank's death in 1967. In addition to paying a weekly sum to the defendant for Irma's care, Frank paid for her clothing, toys, and various other expenses including a trip to Europe with the defendant.

The plaintiffs claim in count 1 that the defendant converted to her own use money given to her by Frank to be saved for Irma's benefit. There was a similar claim made in count 2 with respect to the proceeds of a life insurance policy on Frank's life which the defendant, as the named beneficiary, claimed as a gift.

With respect to count 3, the evidence was not disputed that an automobile owned by Frank came into the possession of the defendant, and was either traded or sold by her following his death. She asserts that the vehicle was a gift to her from Frank while the plaintiffs contend that it was simply a loan and that a conversion took place when she disposed of it. In regard to counts 4 and 5, the plaintiffs allege the conversion by the defendant after Frank's death of several items of personal property belonging either to Frank or to Irma.

We first consider three issues presented by the defendant's appeal which require discussion: (1) denial of her motion for a directed verdict at the close of the plaintiffs' case; (2) admission in evidence by the trial judge of statements of a deceased person assertedly without compliance with the provisions of G. L. c. 233, § 65; and (3) the denial of the defendant's motion for a new trial.

1. At the close of the plaintiffs' case, the defendant,

Reni *v.* Courtney.

without resting, presented a motion for a directed verdict applicable to each of the five counts of the complaint. The judge denied the motion as to counts 1, 2 and 3, and declined at that time to act upon the motion with respect to counts 4 and 5. Since the defendant did not rest at the close of the plaintiffs' case and thereafter presented evidence, she is deemed to have waived her right (Mass. R.Civ.P. 50(a), 365 Mass. 814 [1974]) to assert error in the judge's denial of her motion for a directed verdict at the close of the plaintiffs' case. *Martin* v. *Hall,* 369 Mass. 882, 884 (1976). The defendant renewed her motion for a directed verdict on all counts at the close of all the evidence but then withdrew that motion. Nonetheless, on appeal she seeks a review of the sufficiency of the evidence. However, in the absence of an effective motion for a directed verdict, an appellate court cannot review the sufficiency of the evidence. Clearly a motion which has been waived does not constitute an effective motion. *Martin* v. *Hall, supra.*

2. Following a voir dire on the admissibility of various statements of Frank, the deceased person, the judge, after making the preliminary findings required by G. L. c. 233, § 65, admitted those statements in evidence. See *Old Colony Trust Co.* v. *Shaw,* 348 Mass. 212, 216 (1964), and cases cited. The transcript makes clear that the judge understood and correctly applied the provisions of § 65, that the declaration of a deceased person shall not be inadmissible as hearsay if the court finds "that it was made in good faith and upon the personal knowledge of the declarant." It is also evident that the judge properly left the ultimate determination of the question of credibility to the jury. *McSweeney* v. *Edison Elec. Illuminating Co.* 228 Mass. 563, 564 (1917). Contrast *Horan* v. *Boston Elev. Ry.* 237 Mass. 245, 248 (1921).

3. The judge correctly denied the defendant's motion for a new trial brought under the provisions of Mass. R.Civ.P. 59(a)(1). The only argument which appears to have been advanced by the defendant in support of it relates to the judge's disposition of the declarations ad-

mitted under G. L. c. 233, § 65, which we have already discussed. No abuse of discretion is shown in the denial of the motion. *Loschi* v. *Massachusetts Port Authy.* 361 Mass. 714, 715-716 (1972).

We turn to the issue raised by the plaintiffs' appeal, whether the judge erred in her instructions to the jury on count 3 of the complaint which alleged the conversion by the defendant of Frank's automobile. As stated earlier in the opinion, the plaintiffs claim that Frank had simply loaned the vehicle to the defendant and that her trade or sale of the vehicle constituted a conversion.

The judge in her charge instructed the jury that "[w]here a defendant rightfully has the property, then there must be a demand for the property, that the property be returned, and a refusal on the part of the defendant before conversion can be found," and later in the charge the judge stated that "if [the defendant] ... did have possession at the time the demand was made, then obviously, if she refused and if the car was not rightfully hers, such action would be conversion. Now, the fact the car was traded in later is of no importance in this case because counsel have agreed as to the amount of damages."

There is merit in the plaintiff's contention that this portion of the judge's charge may have been interpreted by the jury as requiring that it find a demand for the return of the vehicle as a prerequisite to a finding of conversion and as a direction to regard its disposal by the defendant as "of no importance." A demand and refusal are only evidence of conversion and are not required when other circumstances are sufficient to prove conversion. *Lawyers Mortgage Inv. Corp. of Boston* v. *Paramount Laundries, Inc.* 287 Mass. 357, 360-361 (1934), and cases cited. Because the defendant's trade or sale of the vehicle was sufficient to establish conversion in the circumstances, proof of demand and refusal was not required (*Lancaster* v. *Stanetsky,* 221 Mass. 312, 314 [1915]; *Geguzis* v. *Brockton Standard Shoe Co.* 291 Mass. 368, 371 [1935]) as it would have been if she had merely retained possession of the

vehicle since she had initially obtained possession of it rightfully. *Hellier* v. *Achorn,* 255 Mass. 273, 284-285 (1926). *Edinburg* v. *Allen-Squire Co.* 299 Mass. 206, 212 (1938). We conclude that the plaintiffs are entitled to a new trial on count 3.

Judgments for the plaintiffs on counts 1, 2, 4 and 5 are affirmed. Judgment for the defendant on count 3 is reversed and the case is remanded to the Superior Court for a new trial on that count.

*So ordered.*