EVA-LEE, INC. *vs.* THOMSON GENERAL CORPORATION (and two companion cases[1]). May 13, 1977. 1. We perceive no basis for disturbing any of the judgments appealed from in these three cases which were consolidated for trial. All of the grounds advanced to us for doing so, largely without merit in any event, involve issues which the appellants failed to raise during trial. The appellants complain, for example, of the omission (but not of the judge's failure to instruct the jury on the point) of interest due on the verdict on count 7 in case No. 330883. But the record makes clear that the appellants at no time directed the judge's attention to that oversight either by a request for an instruction or an objection to the instructions given as required by Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). See *Kaltsas* v. *Duralite Co. Inc.* 4 Mass. App. Ct. 634, 639 (1976). *Milley* v. *Prudential Ins. Co. ante,* 38, 39 (1977). Compare *E & V Truck Leasing, Inc.* v. *Ennis, ante,* 802 (1977). The same holds true for the appellants' contentions (a) that there was insufficient mitigation of damages in case No. 665363, (b) that the jury were allowed to engage in impermissible speculation in arriving at the verdicts in case No. 665354, and (c) that the credibility of the appellants' witnesses was compromised in all three cases by the judge's unobjected to remark at trial during the testimony of one of the appellee's witnesses concerning electricity costs. Moreover, to the extent that the appellants attack the verdicts in cases No. 665363 and No. 665354 on the basis of insufficient evidence, those issues are not properly before us due to the appellants' failure to move for a directed verdict on any of the counts thereon. *Martin* v. *Hall,* 369 Mass. 882, 884 (1976). *Reni* v. *Courtney,* 4 Mass. App. Ct. 235, 237 (1976). 2. Nor can the appellants properly rely on those alleged errors in seeking reversal of the judge's denial of their motions for a new trial. Such a motion may not be used as a vehicle to compel a judge to rule on questions of law which could have been raised at trial but were not; and there is no showing here that the judge made any ruling of law in denying the motions. *doCanto* v. *Ametek, Inc.* 367 Mass. 776, 786-787 (1975), and cases cited. Whether to grant or deny the motions

---

[1] Thomson General Corporation *vs.* Eva-Lee, Inc., and Thomson General Corporation *vs.* U. S. Plastics Corp. & another.

was within the judge's sound discretion and the record does not dem-
onstrate an abuse of that discretion. Compare *doCanto, supra,* at 787-
788; *Kaltsas* v. *Duralite Co. Inc.* 4 Mass. App. Ct. at 639. 3. It was
also within the judge's discretion to allow the motion to amend the
declaration in case No. 665354 since the increased amounts of the ver-
dicts on counts 1 and 3 of that declaration are explicable on the
rationale that the jury applied the monthly average cost of the elec-
tricity diverted by the appellants, as testified to by a witness for the
appellee, to a time period extending beyond the date alleged in the
declaration. The extension was warranted on the basis of evidence
admitted without objection of continued diversion of electricity by the
appellants beyond the date set forth in the declaration; and there was
no showing of prejudice to the appellants by the omission from the
motion to amend of a further amendment changing the original date.
See Mass.R.Civ.P. 15(b), 365 Mass. 761 (1974). Contrast *Castellucci*
v. *United States Fid. & Guar. Co.* 372 Mass. 288, 292 (1977). 4. The
order allowing the motion to amend the declaration in case No. 665354
is affirmed. The orders denying the motions for a new trial are affirmed.
The judgments are affirmed.

                                              *So ordered.*
*Sherman Davison* for Eva-Lee, Inc. & others.
*Edmund E. Fleming* for Thomson General Corporation.