Mulligan, J.
This is an action in tort for conversion in which the trial judge found that the defendant converted certain restaurant equipment belonging to the plaintiff. The defendant does not contest the finding that he converted the property, but claims error where the trial judge found against him without separately finding that he acted "wrongfully."
The facts of the case are undisputed. The plaintiff’s assignor is the 3A Donut Shop, Inc. The principals of the corporation are Kenneth Glod and his wife Linda, who ran a donut shop in premises leased from the defendant. There is no evidence before us to indicate that the lease contained any provision for either a right of repossession of the premises, or a security interest in the equipment owned by the business, running to the lessor Weston, in the event of non-payment of rent by the lessee.
On August 6. 1976, the defendant entered the shop without prior notice, expelled the Glods and their customers, and then impounded the equipment by padlocking the premises, all because of non-payment of rent.[2] The ensuing requests by the plaintiff for the return of the shop's equipment went unheeded by the defendant. Subsequently, the defendant conveyed both the premises and the plaintiff’s equipment to a third party. The plaintiff then brought this action to recover the value of the equipment.
The essential element in an action for conversion is the proof that a defendant intentionally took possession of a plaintiff’s property without color of title. Inherently, such proof involves a showing that the defendant denied the plaintiff, as the holder of *29 rightful title, exercise of control over the property at issue.[3]
In the instant case, the defendant concedes the conversion but argues that his actions were justified because the tenant owed rent. This argument is wholly devoid of merit. At trial, it was established that the defendant took the plaintiffs property without color of title, and refused to return that property upon demand. The plaintiff thereby met his burden of proof. Reni v. Courtney, 4 Mass. App. Ct. 235, 238-239(1976).
This defendant’s non-adjudicated claim for rent on a commercial tenancy does not establish cognizable title to any of the plaintiffs restaurant equipment. M. G. L. c. 184, § 18; Gidwani v. Wasserman, 373 Mass. 162, 165-167 (1977).
The defendant had no legitimate claim of title to the plaintiffs property. The judgment for the plaintiff is affirmed and the report is dismissed.

Report dismissed.

 There is no evidence in the record that the defendant was lev>ing on the equipment pursuant to any right as hen-hoJder.

 For a discussion of the elements of conversion, see RESTATEMENT (SECOND) OFTORTS §222A et seq; 37 MASS. PRACTICE (TORTS)§35; contrast Edinburg v. Allen Squire Co., 299 Mass. 206, 211-219 (1938), (defendant was not liable for conversion where he took possession of the property pursuant to an agreement by the plaintiff).