Lenhoff, J.
This case was commenced by a two count, complaint, the first alleging that the Defendant, Maijorie A. Erickson, on June 23,1976, negligently drove a motor vehicle causing same to collide with the Plaintiff pedestrian resulting in personal injuries and consequential damage.s, including medical expenses incurred in excess of $500.00 with hospitalization; and, the second, setting forth that the Defendant, National Grange Mutual Insurance Co., insurer of the Defendant Erickson, was liable to the Plaintiff under the Personal Injury Protection benefits of the Defendant Erickson’s motor vehicle insurance policy.
The evidence stated in the Report, combined with the Trial Court’s findngs,[2] tended to show that the Defendant was in a picket line;, that as the Defendant Erickson slowly approached said line in hér motor vehicle, having been wayed through by a police officer, the line parted; that the Plaintiff put his hand on the-Defendant’s car near the headlight; that in doing so, he lost his balance and went to the ground; and, he thereby hiirt his wrist. Further, the parties stipulated that the Plaintiff submitted a claim to the Defendant insurance company claiming medical bills in the sum of $540.86 and lost wages from June 23,1976 to October 11,1976 at an average weekly wage of $113.Ó0. In addition, it was shown that the breakdown of said bills totalling $540.86 was as follows:-St. Vincent Hospital - June 23, 1976 - $34.86; Dr. John L. Bianchi - July 29, 1976 - $50.00; and, Dr. Philip B. Burke - June 24,25, 28, 29 and 30, 1976; July 1,2,6,12,16,19,20,22 and 27,1976; August 5,9,12,16,19,20,24,27 and 31,1976; September 3,7,10,. 14, 17, 21,24 and 28, 1976; October 5, 1976; January 18, 1977 and February 22, 1977 - total $456.00
After hearing, the Trial Court found that there was an accident with the Defendant more negligent that the Plaintiff. It further found that there was no credible evidence that the long continued medical treatment of the Plaintiff was connected to this accident. In consequence thereof, it entered judgment for the Plaintiff in the sum of $350.00 (Date in the docket is February 1,1983). Same was amended April 27,1983, as per docket, showing judgment for Plaintiff in the sum *356 of $350.00 on each count of the complaint.
Thereafter, the Plaintiff seasonably filed a Motion for a New Trial, contending that the Trial Court's finding was contrary to law in that its finding for the Plaintiff in the sum of $350.00 as against the Defendant insurance company would preclude a finding against the Defendant Erickson. The Trial Court denied said motion and the matter has been reported to the Appellate Division for determination.
The decision of the Trial Court ruling on a motion for a new trial filed pursuant to Dist./Mun. Cts. R. Civ. P., Rule 59, is one of discretion. Galvin v. Welsh Manufacturing Co., 1981 Mass Adv. Sh. 169; City of Worcester v. Eisenbeiser, 7 Mass. App. Ct. 345 (1979); LoCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975). The denial of such motion stands unless the exercise of discretion is shown to be manifestly abused. Reni v. Courtney, 4 Mass. App. Ct. 235 (1976).
Dist./Mun. Cts. R. Civ. P., 59(a) provides for the granting of a new trial for a mistake of law affecting substantial rights of a moving party or to prevent a failure of justice. However, it also enables the court, among other mentioned courses of action, to open an entered judgment and enter a new judgment.
G. L. c. 231, § 6D permits a plaintiff to recover damages for pain and suffering only if the reasonable and necessary expenses incurred in treating injury are determined to be in excess of five hundred dollars unless such injury causes death, loss of a body member, causes serious, permanent disfigurement, results in loss of sight or hearing, or consists of a fracture.
The reason for the restrictive, limiting nature of said G. L. c. 231, § 6D is because of the so-called “No-Fault Statute,” G. L. c. 90, § 34M. Said section 34M provides personal injury protection, granting benefits in lieu of damages otherwise recoverable by an injured person in tort as a result of an accident occuring in this Commonwealth. Such benefits are set forth in G. L. c. 90, § 34A under Definitions: “Personal injury protection" and provide medical expense payment, a portion of wages lost not otherwise compensated, and actual payments for certain non-income producing services performed by others in behalf of an injured party. The amounts of the benefits, if disputed, on the ground that the incurrence thereof is not reasonable or necessary, could become the subject matter of a contract action to determine the amounts due in accordance with provisions of applicable law.
With the substance of the foregoing statutes stated, we agree with the Plaintiff that the Trial Court’s finding for the Plaintiff in the sum of $350.00 as against the Defendant insurance company precludes a finding against the Defendant Erickson. However, though an error is present, we do not find it to be a manifest abuse of discretion. Under Rule 59, supra, it could have been corrected by the Trial Court and this tribunal shall rectify the existing judicial lapse without the necessity of a new trial. We take such action in view of the facts as found by the Trial Court. Had said Trial Court found that the reasonable and necessary medical expense was in excess of $500.00, which it did not so find; then, in that event, its additional finding that the Defendant was more negligent than the Plaintiff, would also require a judgment for the Defendant Erickson. See G. L. c. 231, § 85. Further, there is no question that the Trial Court found that the Plaintiff s claimed medical expense from this accident was not reasonable or necessary. This was made clear by its finding that there “was no credible evidence that the long continued medical treatment.was connected to this accident.” Hence, the Trial Court’s judgment for the Plaintiff on count two (2) against the Defendant insurance company for $350.00 effectively implies that the Trial Court found that the $500.00 threshold set by G. L. c. 231, § 6D, had not *357 been exceeded.
Having found error, the judgment entered for the Plaintiff on count one (1) of the Plaintiffs complaint, be and is hereby vacated; and judgment on said count is to be entered for the Defendant. All other findings and rulings are affirmed.

 Because the Report failed to present an adequate disclosure of the evidence, same was supplemented by evidence included in the Trial Court’s findings. Olafson v. Kilgallon, 362 Mass. 803, 804-805 (1973).