Staff, J.
Underlying this petition to establish a report is a claim sounding in contract. After a hearing on the merits, the trial judge found for the plaintiff and dismissed defendant’s counterclaim.
No requests for rulings were filed at trial and following the trial the defendant filed a motion for a new trial which was denied.
The defendant filed a request for report and draft report which was never acted upon. The plaintiff also filed a draft report and that is appended to defendant’s petition. Although not shown on the docket entries there is a copy of a letter attached to the petition of the purported approval of plaintiffs draft report by the trial judge.
This case demonstrates again the necessity of filing requests for rulings in order to preserve issues for appellate review. It is elementary that without such requests appellate review is precluded as of right.Dist./Mun.Cts. R. Civ. P. Rule 64; G.L. c. 231, § 108; Stroczynski v. Shell Oil Company, 1984 Mass. App. Dec. (heard on February 10, 1984, S.D.); Thoreson v. LeTendre, 1983 Mass. App. Dec. 191, 193; Carlsberg Printers, Inc. v. Shields, 56 Mass. App. Dec. 131, 132 (1975); Carvalho v. City of Cambridge, 54 Mass. App. Dec. 28, 29 (1974).
The action of the trial judge on the motion for new trial is a matter of discretion and is not reviewable by the appellate division unless there is shown an error of law touching upon the action upon the motion or an abuse of discretion. Bartley v. Phillips, 317 Mass. 35, 42-44 (1944); Eva-Lee, Inc. v. Thomson General Corp., 5 Mass. App. Ct. 823 (1977).
The draft report sought to be established contains no allegations of abuse of discretion nor does it allege facts which might give rise to a showing of abuse of discretion.
We point out that a motion for new trial should not be used as a vehicle to attempt to compel a judge to rule on questions of law which might have been raised at trial but were not. Eva-Lee, Inc. v. Thomson General Corp., supra at 823.
The petition for report is properly denied in cases where the proposed draft report fails to disclose any error of law prejudicial to the rights of the appealing party or any abuse of discretion. Carlsberg Printers, Inc. v. Shields, supra at 132; Thomas v. McDermott 307 Mass. 609 (1940); Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 153 (1956); Wolf v. Bain, Inc., 1983 *158 Mass. App. Div. 365, 366.
In effect, appellant is asking the appellate division to review a general finding of the trial judge. The mandate of the appellate division is to rule on questions of law presented to us appropriately and in consonance with G.L. c. 231, § 108, and Dist./Mun. Cts. R. Civ. P., Rule 64. An appeal of a general finding does not present a question of law for our review. Chadwick v. Desroches, 333 Mass. 768, 769 (1956). .
We note several other flaws or inadequacies in the petition and affidavit for report and draft report which deserve comment. The petition or affidavit must include an affidavit in unequivocal terms, based upon personal knowledge that the proffered draft report as filed, truthfully, accurately and fully sets forth those matters as to which petitioner is aggrieved. The averment contained in the petition as to the chronology of procedural events and that “defendant’s proposed draft report sets out in detail most if not all of the evidence before the trial judge ...” in the form “is true to the best of my knowledge” misses the mark and is fatally defective. Worcester County National Bank v. Brogna, 386 Mass. 1002 (1982); Cook v. Kozlowski, 351 Mass. 708 (1967); Wolf v. C. Bain, Inc., supra at 365.
Parenthetically, we note that the judge “approved” the draft report submitted by the plaintiff whp was the prevailing party. The prevailing party should not file a draft report'and such a draft report has no standing. If the judge is . unable to settle appellant’s draft report, in its original form or by modification, he should disallow[2] it thus providing access by appellant to the route of filing a petiton to establish.
The failure to act on appellant’s draft report and the “approval” of plaintiffs draft report should be deemed a constructive disallowance and petition to establish is the right remedy.
However, for the reasons stated above we order that the petition to establish report be and hereby is ordered denied.
So ordered

Appellant used the term “dismissal” which is a misnomer here. However, we consider the substance rather than the label. The basis for dismissal is a procedural defect and the remedy is a new request for a report and a draft report on the propriety of the dismissal. Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255, 258 (1976).