STEPHEN BRICKLEY *vs.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF
THE UNITED STATES. January 28, 1985. *Insurance,* Disability insurance.
*Consumer Protection Act,* Availability of remedy. *Words,* "Care of a physi-
cian."

This action arises out of the alleged unlawful withholding from the
plaintiff by the defendant of monthly payments for total disability under a
group insurance policy with the plaintiff's employer. We recite below those
facts relevant to our disposition. Based on special verdicts of a Superior
Court jury, who found that the plaintiff had satisfied the insurance contract
conditions for payment, a judgment was entered in the amount of withheld
disability payments. After findings and rulings on the plaintiff's G. L.
c. 93A claim, the Superior Court judge who presided over the jury trial,
see *Nei* v. *Burley,* 388 Mass. 307, 315 (1983), found a wilful and knowing
violation of c. 93A, § 2, and a second judgment was entered for the plaintiff
for twice the amount of the contract judgment, see *McGrath* v. *Mishara,*
386 Mass. 74, 85 (1982); a third judgment was entered for counsel fees.
G. L. c. 93A, § 9. In addition, the defendant was ordered to pay the
plaintiff's posttrial counsel fees. The defendant has appealed from the judg-
ments and order.

As to the contract claim, the defendant moved for directed verdicts at
the close of the plaintiff's case and at the close of all the evidence,
Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974), and for judgment not-
withstanding the verdicts or, in the alternative, for a new trial. Rule 50(b),
365 Mass. at 814.[1] "[The defendant] has therefore preserved [its] rights

---

[1] In view of our disposition of the appeal from the contract judgment, it is unneces-
sary to consider the denial of the motion for a new trial on the c. 93A claim. See
part 2 of the opinion.

to challenge the sufficiency of the evidence below." *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 847 (1983). See *Martin* v. *Hall*, 369 Mass. 882, 884-885 (1976). In reviewing the sufficiency of the evidence we look to see "whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.'" *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978), quoting from *Raunela* v. *Hertz Corp.*, 361 Mass. 341, 343 (1972).

1. *The contract claim.* The following controlling facts are undisputed. Effective September, 1975, the plaintiff received monthly total disability benefits paid by his employer's insurer, which was the defendant at the times critical to this case. The condition of the plaintiff which led to his disability had been diagnosed as atrial fibrillation. The plaintiff consulted Dr. Eugene Doherty, who treated the plaintiff frequently in 1973, 1974 and 1975. Dr. Doherty prescribed medication designed to regulate the plaintiff's heartbeat. The plaintiff did not respond to treatment, and he developed other medical problems; his case was, according to Dr. Doherty, difficult to treat. A person with the plaintiff's condition should be seen by a physician every three to four months. Following an office visit in April, 1976, the plaintiff did not see Dr. Doherty again until December, 1976. During the latter visit the plaintiff advised Dr. Doherty that the plaintiff had discontinued the prescribed medication. Dr. Doherty instructed the plaintiff to resume taking the medication on a daily basis and to return in one month for testing. The plaintiff did not again see Dr. Doherty until April of 1978, a visit prompted by the defendant's request of the plaintiff to supply updated medical information as to his disability. During the April, 1978, visit the plaintiff informed Dr. Doherty that the plaintiff was taking his prescribed medication only sporadically.

The defendant terminated the plaintiff's benefits in April of 1978. The plaintiff next saw Dr. Doherty in January of 1980. The plaintiff began employment with another employer on August 12, 1980, and conceded that he was then no longer disabled.

The defendant's disability insurance policy required that the plaintiff "be under the care of a physician for any required treatment of your disability" in order to qualify for total disability benefits. "The word 'care' [of a physician] imports charge, oversight, watchful regard and attention." *Lustenberger* v. *Boston Cas. Co.*, 300 Mass. 130, 135 (1938).[2] See 15 Rhodes, Couch's Cyclopedia of Insurance Law § 53:162 (2d ed. rev. 1983). We conclude that the evidence was insufficient as matter of law to permit the jury's findings that the plaintiff was "under the care of a physician for any required treatment

---

[2] The application of the physician's care policy provision to the facts in *Lustenberger* was described as "harsh" in *Shaw* v. *Commercial Ins. Co.*, 359 Mass. 601, 608 (1971). Nothing in *Shaw*, however, derogates from the meaning given in *Lustenberger* to the words "care of a physician."

of [the] disability" as of April 1, 1978, and from April 1, 1978, to August 12, 1980. Dr. Doherty's care of the plaintiff came to a virtual end in December of 1976.[3] Thereafter, in a period of over three years, he saw Dr. Doherty only twice, once in April of 1978, in response to the defendant's inquiry as to his disability status.[4] His condition required regular visits to a physician. Moreover, the plaintiff failed to follow the treatment prescribed by Dr. Doherty. Contrast the facts in *Lustenberger* v. *Boston Cas. Co.*, *supra*, which undoubtedly led to the criticism of the holding in that case in *Shaw* v. *Commercial Ins. Co.*, 359 Mass. 601, 608 (1971). See note 2, *supra*. Given the undisputed facts of this case, Dr. Doherty's conclusory testimony that he considered the plaintiff to be under his care from April, 1978, to August, 1980, does not avail the plaintiff.[5]

2. *The G. L. c. 93A claim*. General Laws c. 93A, as in effect at the time the plaintiff's disability benefits were terminated, provided relief only for "loss of money or property, real or personal." G. L. c. 93A, § 9(1), as amended by St. 1971, c. 241.[6] See *Kohl* v. *Silver Lake Motors, Inc.*, 369 Mass. 795, 800-801 (1976). See also *Smith* v. *Caggiano*, 12 Mass. App. Ct. 41, 43 (1981) (1979 amendment eliminating loss of money or property as an element of G. L. c. 93A has prospective application only). The only loss which Brickley claimed was the loss of disability benefits, to which we have determined he was not entitled. His other alleged injuries of "great mental suffering, anxiety, concern, [and] fear" were not compensable. See *Baldassari* v. *Public Fin. Trust*, 369 Mass. 33, 44-45 (1975); *Scofield* v. *Berman & Sons*, 393 Mass. 95, 107-108 (1984).

The judgments are reversed and new judgments are to be entered for the defendant. The order for the payment of posttrial counsel fees is vacated.

*So ordered*.

*Joseph J. Hurley* (*T. Christopher Donnelly* with him) for the defendant.
*Stephen A. Lechter* for the plaintiff.

---

[3] On the facts of this case nothing turns on the use of "care" in the policy as opposed to "regular care." See *Lustenberger* v. *Boston Cas. Co.*, *supra*; *Shaw* v. *Commercial Ins. Co.*, *supra* at 608-609.

[4] There was no evidence that the defendant sought medical treatment from anyone other than Dr. Doherty.

[5] In view of our disposition of the case it is unnecessary to consider the defendant's other claims of error relating to the trial to the jury of the contract claim.

[6] At the time, the full text read: "(1) Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of said section two may, as hereinafter provided, bring an action in the superior court in equity for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper."