Forte, J.
This matter is before the Appellate Division on the plaintiffs petition to establish a report.
The underlying action is for the defendant’s alleged breach of contract and violation of G.Lc. 93A in refusing to pay the plaintiff-insured for the loss of his stolen motor vehicle.
The defendant filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment, supported by affidavits, on the ground that the plaintiff failed to comply with the cooperation clause and other provisions of the parties’ insurance contract The plaintiff submitted a counteraffidavit outlining his compliance with all of the defendant’s information requests, and further detailing the defendant’s violation of 211 CMR 89:04, §2 (k) in failing to issue a timely notice of either a delay in processing or a denial *220 of the plaintiffs insurance claim.
The defendant’s Rule 56 motion was allowed on March 29, 1990, and summary judgment for the defendant was entered on April 4,1990.
The plaintiff filed a timely Dist/Mun. Cts. R. Civ. P., Rule 64 draft report Thereafter, the defendant-appellee also filed a draft report. The docket suggests that after a hearing on both draft reports, the judge instructed the defendant to amend its draft report. Ultimately, the judge adopted and signed the defendant-appellee’s draft report, thus constructively disallowing the plaintiff-appellant’s draft report. Souza v. Stoney Acres, Inc., 1984 Mass. App. Div. 157, 158.
Within five days of notice of the judge’s action, the plaintiff-appellant properly filed this petition to establish his draft report.
It is by now well established that a trial judge may not, pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 (c), prepare his own report or adopt the draft report of the appellee in substitution for the draft submitted by the aggrieved party. Powers v. Kaplan, 1985 Mass. App. Div. 14; Lechiara v. Amato, 1980 Mass. App. Div. 117. Although a Rule 64 report, in settled form, is customarily deemed the report of the judge rather than that of the appellant, Perry v. Hanover, 314 Mass. 167, 168 (1943), the judge’s action on an appellant’s draft report is limited to one of the following four options:
1. Allowance and signature of the report in the draft form submitted by the appellant;
2. Dismissal of the draft reportfor non-compliance with the law or governing procedural rules pursuant to Dist/Mun. Cts. R. Civ. R, Rule 64(c) (6);
3. Hearing on draft report, orders for draft amendment if necessary, and settlement and signature of amended draft report; or
4. Hearing on draft report and disallowance of draft report accompanied by written statement of reasons for disallowance.
The judge was not authorized in this case to adopt the defendant-appellee’s draft report and to settle and sign an amended version of such report Santosuosso v. Della Russo, 300 Mass. 247 (1938); Rood v. Tolley, 1988 Mass. App. Div. 62. Accordingly, the report signed by the judge on August 13, 1990 is hereby dismissed and is to be stricken from the records.
With respect to the plaintiff-appellant’s draft report which is the subject of the present petition, we note that the defendant-appellee was unable to identify any errors or omissions in such draft at oral arguments before this Division.
Accordingly, the plaintiff s petition to establish his draft report is allowed. This case is returned to theHaverhillDivisionfor the filingof the report copies and written briefs required by Dist/Mun. Cts. R. Civ. P., Rule 64(f). So ordered.