Agnes, A. J.
This is an action by the plaintiff, Enrico Petrillo, a physician, to. recover disability benefits under policies of insurance with the defendant, Northwestern Mutual Life Insurance Company. The defendant has filed a motion for summary judgment contending that the plaintiff did not meet the requirement of his insurance policies that he establish proof of a compensable disability because the medical documentation does not establish that the plaintiff (1) meets the so-called “Beginning Date,” i.e., the date on which the plaintiff is entitled to receive benefits after he becomes disabled, of any of his disability policies (the beginning date varies from 61, to 91, to 181 days under the policies in question), (2) that he failed to receive medical care during the period of his disability, and (3) that he did not file notice of his claim in a timely manner. The relevant facts are set forth below.
DISCUSSION
1. Standard for Summary Judgment under Mass.R.Civ.P. 56. Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Also, summary judgment maybe granted against the moving party, and maybe granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976).
The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is done, the burden shifts to the party opposing summary judgment who must allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. In assessing whether each party has met its burden, the court is not permitted to weigh the evidence, to determine the credibility of any witnesses or make any findings of fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Moreover, ”[t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov't Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
In determining whether there are genuine issues of material fact, the court may consider the pleadings, *620 depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other's party’s claim, or by showing that the other party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
2. The plaintiff is not entitled to recover under the policy because he was not under the care of a licensed physician during the period of his disability. The disability policies in question contain the following provision: “Benefits are provided for the Insured’s Total or Partial disability only if. . . the insured is under the care of a licensed physician other than himself during the time he is disabled.” There is no dispute that the plaintiff underwent a hemorroidectomy at Brigham and Women’s Hospital on May 8, 1996. It is also undisputed that he developed complications following surgery that involved loss of blood and a significant lowering of his hematocrit level, and was admitted to the Massachusetts General Hospital on May 16, 1996. He underwent surgery to repair the bleeding and was placed on iron and folate to raise his hematocrit level. Plaintiff was discharged from Mass. General on May 20, 1996. The plaintiff returned to the Mass. General on May 30, 1996 and was reported to be “doing well.” He was advised to follow-up with Dr. David Brooks. There is no other physician record or medical record or medical document in this record regarding the care and treatment of the plaintiff for the hemorrhoid condition and during the time of his disability. See Defendant’s Concise Statement in Support of Motion for Summary Judgment, Exhibits M (affidavit of Sharon Hyde), A (Plaintiffs Brigham and Womens’ Hospital Record) and C (Plaintiffs Mass. General Hospital Record).
The only evidence to the contrary consists of two assertions by the plaintiff. First, in response to defendant’s interrogatories, he asserts that following his admission to and surgery at the Massachusetts General Hospital, “(plursuant to doctor’s orders the subsequent restoration of hematocrit relied on iron therapy and time.” Plaintiffs Response to Defendant’s Statement of Facts, exhibit 1, Response Number 3. Second, the plaintiff makes the statement in his application for disability benefits that from May 20, 1996 until an unspecified date in the future he was under the care of the Massachusetts General Hospital Surgery Department. Defendant’s Concise Statement, Exhibit D (Plaintiffs request for Disability Benefits dated November 21, 1997).
In Brickley v. Equitable Life Assurance Company, 19 Mass.App.Ct. 952 (1985), the Appeals Court held that a patient who had been treated with medication by a physician for a heart condition during 1973, 1974 and 1975, and whose condition called for visits with the physician every three or four months, was not “in the care” of the physician during the period from 1976 to 1980 based on sporadic office visits to the physician in April 1976, December 1976, April 1978, and January 1980. “The word ‘care’ [of a physician] imports charge, oversight, watchful regard and attention.” Id. at 953, quoting Lustenberger v. Boston Casualty Co., 300 Mass. 130, 135 (1938). The court reached this conclusion despite evidence from the patient’s physician that he (the physician) considered that the patient was under his care during the period in question. It is true that in Lustenberger the court was faced with policy language that required the insured to be in the “regular care” of a licensed physician during the period of disability. However, the policy language in Brickley required simply that the insured be “under the care of a licensed physician,” and it was that phrase that the Appeals Court in Brickley defined and applied to the facts.
There is nothing in the decisions in Lustenberger or Brickley which suggest that the phrase “under the care of licensed physician,” in the context of a disability benefits policy of insurance, requires that the insured must meet with or be physically examined by the physician in person, or must be seen by the physician a certain number of times per month or year during the period of disability. Each condition requiring the care of physician may call for different intervals of time between physician-patient visits or assessments. Moreover, modern technology makes it possible for us to communicate with each other, in a variety of different ways, from a distance, and, in certain circumstances, for health care professionals to monitor and evaluate patients from a distance without the need for an office visit or even physical proximity. However, when a patient is treated by a physician, such as the surgical and medical procedures performed on the plaintiff by physicians at Massachusetts General Hospital in this case, and given instructions, such as the discharge instructions given to the plaintiff in this case, but is not requested to return for further care or treatment, to schedule an appointment at some future date, or to supply the physician with the results of tests or examinations conducted by other health care professionals, the patient is not “under the care” of that physician even though the patient may continue to follow the instructions given by the physician or to take the medications prescribed by the physician. In such a case, there is no “oversight, watchful regard or attention” given to the patient by the physician.
ORDER
For the above reasons, the motion for summary judgment is ALLOWED.