NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1271

SYLVESTER M. BRITTO

vs.

JOSEPH A. AGRILLO, THIRD, & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendants Joseph A. Agrillo, III, and Back River Bog Company, LLC, appeal from a judgment entered by a judge of the Superior Court, after a jury trial, finding them liable for willful trespass to trees pursuant to G. L. c. 242, § 7. Concluding that the defendants did not preserve review of the denial of their motion for a directed verdict or of the jury instructions and verdict slip, we affirm.

1. Motion for a directed verdict. "A motion for a directed verdict made at the close of the plaintiff's case will not survive if the defendant does not renew its motion at the close of all of the evidence." Beverly v. Bass River Golf Mgt.,

_____

[1] Back River Bog Company, LLC.

Inc., 92 Mass. App. Ct. 595, 600 (2018). "Failure to renew the motion . . . generally results in a waiver of the right to assert error in the denial of a directed verdict." Michnik-Zilberman v. Gordon's Liquor, Inc., 390 Mass. 6, 9 (1983).

Here, the defendants' motion for a directed verdict after the plaintiff rested was denied, and they concede they "did not renew their motions at the close of all of the evidence." In line with the general rule, the defendants waived their ability to challenge the denial of their directed verdict made after the plaintiff's case. Accordingly, we do not reach the substance of the motion because "[a]n appellate court cannot review the sufficiency of the evidence in the absence of an effective motion for a directed verdict, and clearly a motion which has been waived does not constitute an effective motion." Martin v. Hall, 369 Mass. 882, 884 (1976).

2. Jury instructions and the verdict slip. Similarly, regarding jury instructions, "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection." Muzzy v. Cahillane Motors, Inc., 434 Mass. 409, 416 (2001), quoting Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974). We have held, in tandem with this principle, that "[a]ny objection to the form of a verdict slip must be timely raised." Motsis v. Ming's Supermkt., Inc., 96

Mass. App. Ct. 371, 383 (2019).  Where "objections were not presented to the trial judge, the arguments are waived."  <u>Salvi</u> v. <u>Suffolk County Sheriff's Dep't</u>, 67 Mass. App. Ct. 596, 608 (2006).

Here, the defendants made no objection to the jury instructions.  Indeed, the defendants' proposed jury instructions mirror the actual instruction the judge gave.[2]

Defense counsel noted the possibility that the verdict slip could be interpreted as being "all or nothing with the trees," but then admitted, "I don't know if there's a way we can get that point across in the questionnaire."  The judge suggested that the parties could "handle this in your closing," and neither party disagreed.  Later, the judge sent the final draft

---

[2] The defendants requested the following instruction:

"In order to prevail on his claim, the Plaintiff must demonstrate by a preponderance of the evidence that: 1. The land on which the trees were cut belonged to the Plaintiff; and 2. That the Defendants cut those trees down.  In this particular case, the Defendants admit that they cut down the trees in question, hence, it is your first task to determine if those trees were on the Plaintiff's land.  It is the Plaintiff's burden to prove ownership by a preponderance of the evidence."

The judge's instruction was to the same effect:

"First, that the defendants willfully cut down or otherwise destroyed trees.  Second, that the trees the defendants cut down were on the land of the plaintiff. . . .  As to the second element, the plaintiff must prove by a preponderance of the evidence that the trees the defendant cut down were on the land of the plaintiff, Mr. Britto."

3

of the special verdict slip to counsel and asked, "Are you satisfied?"  Defense counsel posed no objection or expressed any view that the judge's suggestion to handle the problem in closing was unsatisfactory.  Accordingly, the defendants have not properly preserved either issue to reach substantive appellate review.  See Muzzy, 434 Mass. at 416; Motsis, 96 Mass. App. Ct. at 383.

> Judgment affirmed.
>
> By the Court (Blake, C.J.,
>   Ditkoff & Brennan, JJ.[3]),
>
> Clerk

Entered:  July 7, 2025.

---

[3] The panelists are listed in order of seniority.